WILLIAM H. SMUCKER, Plaintiff in Error, *v.* THOMAS J. LARIMORE, Defendant in Error.

ERROR TO MORGAN.

If a plea of release of errors, in this court, is sustained by the proof, the judgment of the court below will stand affirmed.

SMUCKER sued out this writ of error to the Morgan Circuit Court. On the filing of the record in this court, Larimore filed his plea, averring that before the commencement of any proceedings in error in this case, to wit: At the county, etc., on, etc., the said Larimore was about to have sold at public auction, for cash in hand, pursuant to the award referred to in the record in this case, certain goods and chattels, to wit: one mule, etc., for satisfaction and payment to him, of certain moneys awarded to be due him in the premises, and the said plaintiff (Smucker) and the Lewis Hatfield named in the record in this case, requested the said defendant to allow said Lewis Hatfield to bid in said goods and chattels, at said auction sale, for his note to said defendant at sixty days' date, in lieu of cash, and undertook and promised, then and there, that if he, said defendant, would accede to said request, that that should be an end of all trouble and litigation in the premises. And the said defendant avers that he then and there acceded to said request, and had said goods and chattels sold at auction, and the said Lewis Hatfield, then and there, pursuant to the premises, became the purchaser of said goods and chattels, and took possession of the same, and made and delivered his note to the said defendant at sixty days' date, for nine hundred and seventy-five dollars. And the said William H. Smucker and Lewis Hatfield, then and there contracted and agreed with the said defendant, to waive all errors in this case. All of which the said defendant is ready to verify. Wherefore, etc.

To a plea of the above character there was a demurrer, which was sustained. The foregoing plea was substituted, and was also demurred to; but the demurrer was overruled, and the plaintiff in error then filed the general issue. By agreement of parties, the evidence was taken before a Notary Public of Morgan county, and was reported to the court.

Upon the issue raised by these pleadings, and the proofs thereon, the following opinion was pronounced by the court.

The pleadings were submitted to the court, without the intervention of a jury.

J. L. McConnell, and I. J. Ketchum, for Plaintiff in Error.

D. A. and T. W. Smith, for Defendant in Error.

Walker, J. The plea of release of errors in this case, avers, that before the writ of error was sued out, Laramore was about to have sold at public auction a quantity of personal property, in pursuance of an award set forth in this record. And the object of the sale was to satisfy a sum of money awarded to be paid by Smucker to Laramore. That Smucker and Lewis Hatfield, named in the record, requested Laramore to allow Hatfield to purchase the goods at the sale, and give his note to defendant at sixty days, in lieu of cash. And that they undertook and agreed that if defendant would accede to the proposition, that it should end all trouble and litigation in the premises, and that defendant did then accede to the proposition, and that the said Hatfield, in pursuance of said agreement, became the purchaser of the chattels and took possession of the same, and made and delivered his note to defendant in accordance with the agreement, and that the said Smucker and Hatfield, then and there contracted and agreed with Laramore to waive all errors in this case.

It was objected that this plea does not show such a consideration received by Smucker as is necessary to support the agreement to release the errors assigned on this record. This objection, raised under the demurrer, is not well taken. The change in the terms of sale, from cash to sixty days' time, without interest, was clearly an inconvenience and loss to the defendant. The note on sixty days' time, was not worth as much as the same amount of money paid at the time of sale would have been. And the inconvenience and loss to the defendant is averred to have been at the request of the plaintiff and Hatfield, and was no doubt of benefit to one or both of them. And any inconvenience or loss to one party to a contract, or a benefit to the other, is a sufficient consideration to support the agreement. This plea, as we think, avers facts showing both, and was sufficient. And the demurrer is therefore overruled.

It then remains to determine whether the evidence adduced on the trial, establishes the truth of the plea. Mathews testifies that Smucker and Hatfield saw witness, as the agent of defendant, to learn from him whether some arrangement could not be made in regard to the sale of the property. And that when they were all present, Hatfield proposed to give to Laramore his note at sixty days for Laramore's claim, if he would permit Hatfield to bid in the property; and that Laramore, through witness as his agent, " acceded to the proposition, but

with the express understanding and stipulation, that said Smucker and Hatfield should abide by the arbitration, and that it must be an end of all trouble and litigation in the matter; to which the said parties assented or agreed, and in pursuance to this understanding or agreement, said Hatfield purchased said property and executed his note to Thomas J. Laramore for $975, payable sixty days from date." And Samples testifies that he sold the property, and that the sale was to have been for cash, but was bid in by Hatfield, who gave his note at sixty days for the purchase money. And this witness further states, that it was his " understanding from all the parties, that the acceptance of the note instead of cash, by Laramore, would be the end of the contest."

This evidence very satisfactorily shows that it was the design of the parties to end the contest in regard to the matters litigated in this record, by the arrangement then made and consummated. And that the agreement to give the time for payment, was the consideration supporting it. And if such an agreement was fairly made and executed, the parties who have received the benefit resulting from the arrangement, cannot now be heard, to controvert or disregard the contract. But an effort was made to destroy the effect of the testimony of Mathews, by showing that he had an interest in the collection of this money for Laramore. It appears that he was a trustee, and employed by the Illinois Conference Female College to solicit subscriptions for that institution; and that Laramore agreed to give the institution one-third of this claim of Mathews, should he be able to collect it. And that he as trustee or individually, had borrowed money for the college, and was liable for its payment. And also by an effort to show that the arrangement testified to by him, did not occur at the place he named, by the testimony of clerks who were in the store on that day. It does not appear from any part of the evidence, that Mathews was to get any portion of the money in controversy, and he swears that he was not. The mere fact that the college, of which he was a trustee and agent, had Laramore's promise to give a portion of this claim when collected, could not disqualify him as a witness, nor could the fact that he was liable for indebtedness of the college make any difference, as it nowhere appears that the money when received was to be applied in discharge of his liability. Nor do we think it tends to weaken the force of his evidence. But if it did, he was fully corroborated by the evidence of Samples, who testifies that he understood from all the parties that the arrangement was to end all litigation between them. Nor does the fact that the two clerks in the store did not hear the arrangement entered into, weaken its force. They say they have no recollection of

the transaction, and one of them that he has no recollection that Mathews was in the store on that day. It might be true that they had no recollection of this transaction, and yet it be true that it did occur. One of the clerks testifies, that Mathews was twice in the store on that day, which shows the want of memory or inattention of the other. Negative evidence of this character, is not sufficient to overcome the positive evidence of a witness who testifies to the existence of the fact.

We are, for these reasons, of the opinion that the plea of release of errors was sufficient, and that the evidence sustains its truth, and that the judgment of the court below must be affirmed.

*Judgment affirmed.*