BOB PIERCE, Plaintiff-Appellant, v. TEE-PAK, INC., Defendant-Appellee.—NORMA STEPHENSON, Plaintiff-Appellant, v. GENERAL ELECTRIC COMPANY, Defendant-Appellee.

Fourth District   Nos. 4—89—0562, 4—89—0669 cons.

Opinion filed April 5, 1990.—Rehearing denied May 24, 1990.

Serkland & Muelhausen, of Chicago (James C. Serkland, of counsel), for appellants.

Cohn, Lambert, Ryan, Schneider & Harman, of Chicago (Michael R. Schneider, of counsel), for appellee Tee-Pak, Inc.

Dukes, Martin, Helm & Ryan, Ltd., of Danville (John F. Martin, of counsel), for appellee General Electric Co.

JUSTICE McCULLOUGH delivered the opinion of the court:
This consolidated appeal concerns applications for judgment pursuant to section 19(g) of the Workers' Compensation Act (Act) (Ill.

Rev. Stat. 1987, ch. 48, par. 138.19(g)). Plaintiffs' applications were dismissed on the basis that at the time checks were tendered by the employers and accepted by the plaintiffs, case law did not permit the award of additional interest pursuant to section 2—1303 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303). Further, the circuit court determined that retroactive application of current case law was not permitted. On appeal, plaintiffs argue the recent decisions on this matter apply retroactively to their claims for interest, and sanctions under section 19(g) are appropriate in their actions. For the reasons that follow, we reverse the trial court but deny plaintiffs' request for sanctions.

The facts of each case will be cited separately. On June 20, 1982, plaintiff Norma Stephenson was found totally disabled by the arbitrator as a result of a work-related injury on July 23, 1980, and awarded $180 per week for life. On review, the Industrial Commission (Commission) affirmed the arbitrator. On further review to the circuit court of Vermilion County and to this court, the decision was affirmed. (*General Electric Co. v. Industrial Comm'n* (4th Dist. 1985), No. 4—84—0654WC (unpublished order under Supreme Court Rule 23).) The appellate court mandate issued on January 16, 1986.

In her section 19(g) application filed on January 19, 1989, Stephenson alleged the compensation accrued to June 20, 1982, was $2,605.93; and interest of $564.13 on this amount pursuant to section 19(n) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(n)) was calculated from June 21, 1982, to January 28, 1986, the date Stephenson's employer, General Electric, tendered a check to Stephenson in the total amount of $37,547.25. The application alleged the compensation accrued from June 21, 1982, to January 28, 1986, was $33,865.69. Stephenson asked for interest on $33,865.69 pursuant to section 2—1303 and calculated this interest to be $5,355.88. Stephenson alleged the check tendered by General Electric on January 28, 1986, included $36,471.62 for compensation and $1,075.63 in interest. Stephenson also asked for $14,668.43 in sanctions against General Electric pursuant to section 19(g).

On January 29, 1982, Bob Pierce was found totally disabled by the arbitrator from a work-related injury on April 20, 1978, and awarded $213.72 per week for specified periods before the arbitrator's decision up to April 1, 1980, and from April 23, 1980, for life. On review, the Commission affirmed the arbitrator. On further review to the circuit court of Vermilion County and to this court, the decision was affirmed. (*Tee-Pak, Inc. v. Industrial Comm'n* (1986), 141 Ill. App. 3d 520, 490 N.E.2d 170.) The appellate court mandate issued on April 4, 1986.

In his section 19(g) application filed on January 19, 1989, Pierce alleged the compensation accrued to January 29, 1982, was $24,272.48. Pierce stated interest on this amount pursuant to section 19(n) is $6,192.43, calculated from January 29, 1982, to May 1, 1986, the date Pierce's employer, Tee-Pak, tendered a check to Pierce in the total amount of $75,058.39. In the application, Pierce alleged the compensation accrued from January 29, 1982, to May 1, 1986, was $47,384.77. Pierce asked for interest on $47,384.77 pursuant to section 2—1303 and calculated this interest to be $9,071.45. Pierce stated the check tendered on May 1, 1986, included $71,657.25 for compensation and $3,401.14 for interest. Pierce also asked for $17,880.22 in sanctions against Tee-Pak pursuant to section 19(g).

Both General Electric and Tee-Pak filed motions to dismiss the respective applications. Tee-Pak alleged the interest issue was only recently decided by the courts and these recent cases have no retroactive application to this appeal. General Electric alleged the application was without merit and had no basis in law.

On June 16, 1989, the trial court dismissed Pierce's application. The trial court reasoned that court decisions addressing interest under section 2—1303 were not rendered until after the time of tender on May 1, 1986, and further that these decisions could not be applied retroactively.

Similarly, on July 31, 1989, the trial court dismissed Stephenson's application. The trial court found Stephenson recalculated the interest due her after *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 526 N.E.2d 675, was issued in 1988. The trial court found *Ballard* could not be applied retroactively and sanctions were precluded because there was a genuine dispute as to whether any amounts were owing from General Electric after January 28, 1986. The cases were consolidated on October 5, 1989, by order of this court.

Plaintiffs argue the trial court erred in determining that recent case law addressing the interest issue may not be applied retroactively to plaintiffs' cases. Both argue their acceptance of checks in 1986 does not bar their right to apply for additional interest in 1989 under section 19(g) and the trial court's reliance on their acceptance is misplaced. Pierce argues that between May 1, 1986, and December 1988, he demanded further interest, which Tee-Pak refused to pay.

Courts have inherent power to determine whether their decision should be prospectively or retroactively applied. (*Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224, 230, 519 N.E.2d 1203, 1207-08.) Whether a rule will be applied prospectively will depend on whether the decision establishes a new principle of law,

" 'either by overruling clear past precedent on which litigants may have relied [citation], or by deciding an issue of first impression whose resolution was not clearly foreshadowed.' (*Board of Commissioners of Wood Dale Public Library District v. County of Du Page* (1984), 103 Ill. 2d 422, 426-27 [, 469 N.E.2d 1370, 1372.]" (*Elg v. Whittington* (1987), 119 Ill. 2d 344, 357, 518 N.E.2d 1232, 1238.)

As a general rule, a decision will be applied retrospectively unless the court expressly declares that its decision is a clear break with past precedent or practice. (*Larrance*, 166 Ill. App. 3d at 230, 519 N.E.2d at 1208.) It has been held that judicial interpretation of a statute does not necessarily constitute a change in the law. *People v. Crete* (1986), 113 Ill. 2d 156, 497 N.E.2d 751 (language in section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)) regarding reduction or modification of sentences by the trial court is mandatory, not permissive, and is applied retroactively).

In the present case, the cases which the plaintiffs argue should be applied retroactively are *Ballard*, 172 Ill. App. 3d 41, 526 N.E.2d 675, *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240, *Aper v. National Union Electric Corp.* (1988), 165 Ill. App. 3d 482, 519 N.E.2d 117, and *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045. The *Kuhl* case addressed matters not presented in this appeal. In *Bray*, the court discussed section 19(n) and section 2—1303 and concluded each provision allowed for interest under separate circumstances. Namely, the Interest Act provisions (now section 2—1303) still applied to judgments entered by court on an award of the Industrial Commission, despite the enactment in 1975 of section 19(n). In *Bray*, the court held an employee who brought a section 19(h) proceeding directly to the Commission was entitled to interest under section 2—1303. That court noted sections 19(n) and 2—1303 are *in pari materia* and should be construed together as though they were one statute.

In *Aper*, an arbitrator's award was reduced on review by the Commission and, thus, not eligible for interest under the then existing version of section 19(n). The court relied in part on language in *Bray* in determining that the claimant was entitled to interest under section 2—1303. The *Aper* court also noted the supreme court's decision in *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342. In *Proctor*, a pre-section 19(n) case, the court held the Interest Act allowed recipients of workers' compensation awards to receive interest from the date of the arbitrator's award. According to the *Aper* court, the enactment of section 19(n) did not

overrule *Proctor*, but narrowed its applicability to those cases not within the purview of section 19(n).

Finally, in *Ballard*, the court again discussed the applicability of sections 19(n) and 2—1303. The claimant in *Ballard* received an increased award on second review by the Commission, 4½ years after the arbitrator's award. The employer paid the Commission award to the employee two years later. The court determined the employee was entitled to interest under section 19(n) on the benefits *accrued to* the date of the arbitrator's award if any benefits paid up to that date were found by the trial court to be insufficient to cover all benefits due. The court also determined the employee was entitled to interest under section 2—1303 on benefits *accruing after* the arbitrator's award. The court stated the two sections must be considered *in pari materia* and noted the purpose of assessing interest was to encourage prompt payment of awards. This purpose applies equally to awards accruing before and after arbitrators' awards.

■ We conclude these cases apply retroactively. The rule announced in these cases did not overrule past precedent but explained the applicability of two statutes, substantially unchanged between 1986 and 1988. The current provisions of section 19(n) were in effect in 1986 when the plaintiffs received their checks. Likewise, the current provisions of section 2—1303 were in effect in 1986, with minor exceptions not relevant to this case. No explanation for the delay in seeking judgment under section 19(g) appears in the records or in the parties' briefs. There is no time period in section 19(g) within which an employee must file for judgment. However, had these claimants filed for judgment in 1986, *Ballard* makes clear the statutes then in force would have allowed them to recover interest under section 2—1303 for compensation accrued after the arbitrator's award and unpaid for almost four years. Therefore, we reverse the trial court and remand this cause to that court for calculation of interest due plaintiffs.

Plaintiffs also contend that under present authority, they are entitled to sanctions under section 19(g) for their employers' refusal to pay benefits immediately after the arbitrator's award. Specifically, plaintiffs rely on *Ballard*, where sanctions under section 19(g) were awarded because of the employer's refusal to pay benefits for two years after the Commission's award for permanent disability. *Ballard* is distinguishable from the matters presented by this appeal. There, the employer paid the underlying award of the Commission after the completion of all appeals, which occurred two years later. However, the employer refused to pay any benefits which accrued after the ini-

tial award; thus, sanctions were appropriate. Here, there is no dispute that the employers paid all the compensation due as of the date of payment. Sanctions under section 19(g) are not authorized where all compensation has been paid.

The orders of the trial court are reversed, and this cause is remanded for the calculation of interest due the employees under section 19(n) and section 2—1303.

Reversed and remanded with directions.

KNECHT, P.J., and STEIGMANN, J., concur.