DENNIS STACY, Plaintiff, v. AMETEK, INC., Defendant and Third-Party Plaintiff-Appellant (Dow Chemical Company, Third-Party Defendant-Appellee).

Third District    No. 3—90—0159

Opinion filed October 30, 1990.

Michael Gahan, of Rooks, Pitts & Poust, of Joliet (Pamela Davis, of counsel), for appellant.

George F. Mahoney III, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Roger D. Rickmon, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

In 1984 Dennis Stacy, an employee of Dow Chemical Company, was injured when some cartons of indigo dye fell on him while he was at work sweeping around the raw material storage area at a Dow warehouse in Joliet, Illinois. Stacy filed a personal injury action against Ametek, Inc., the supplier of the indigo to Dow, alleging that Ametek was negligent in the method used to pack the dye and in the selection of cartons and pallets used for loading. Ametek then filed a third-party complaint for contribution against Dow, in which it alleged that Dow had controlled and directed the packing of the indigo and had supplied the cartons and pallets used by Ametek.

On November 2, 1989, Dow filed a motion to dismiss the third-party complaint pursuant to section 2(d) of the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 302(d)) on the ground that a good-faith settlement had been reached between Stacy and Dow. According to the motion, Dow offered to settle various claims that Stacy was asserting against Dow for $20,000 upon the condition that the Illinois Industrial Commission approve the payment as settlement of all claims of Stacy against Dow as a result of illness or injury suffered while an employee of Dow. Dow agreed to waive its right to a workers' compensation lien against any recovery plaintiff might obtain from a third party for his 1984 injuries. Plaintiff accepted Dow's tender of $20,000 and submitted three signed settlement contracts to the Industrial Commission for approval. They were approved. Dow executed a lien waiver prepared by plaintiff which recited:

> "As consideration for this waiver, Dow acknowledges that Dennis Stacy has agreed to settle three (3) workman's [sic] compensation cases against Dow and to sign a release which will waive any and all claims Stacy might have against Dow concerning his injuries."

In response to the motion to dismiss, Ametek contended that there was no good-faith settlement within the meaning of the statute because Stacy has not executed a release. The trial court allowed the motion to dismiss, and Ametek filed this appeal.

■ The provision of the Contribution Act at issue in this cause is as follows:

"2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, *** there is a right of contribution among them, even though judgment has not been entered against any or all of them.

***

(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury ***, it does not discharge any of the other tortfeasors from liability for the injury *** unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor." Ill. Rev. Stat. 1985, ch. 70, par. 302.

■ When a settlement agreement is reached pursuant to the Contribution Act and a preliminary showing is made that the settlement was in good faith, the burden of proof on the issue of good faith of the settlor shifts to the party claiming an absence of good faith. (*Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 478 N.E.2d 581.) Here Dow made a preliminary showing of a good-faith settlement between Dow and Stacy in the trial court. The settlement offer, the lien waiver, the cancelled check for $20,000, and other pertinent exhibits were offered to demonstrate the good faith of the parties to the settlement. The burden was then upon Ametek to establish the contrary. The trial court ruled that Ametek failed to meet that burden, and we agree.

Ametek insists that the settlement contract was not enforceable because Stacy failed to execute a release as required by the agreement and by section 2(c) of the Contribution Act. Ametek reasons that there was, therefore, no valid settlement.

■■ Dow relies upon the provisions of the lien waiver signed by Dow which stated that Dow has a workers' compensation lien concerning Stacy's 1984 injuries, that Dow is aware that Stacy will be filing a third-party action for those injuries, and that Dow wishes to waive its lien rights with regard to any settlement received by Stacy in that action. A waiver of a workers' compensation lien was held to constitute "consideration" under section 2(c) of the Contribution Act in *Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 546 N.E.2d

524, where the court said:

"It is not necessary that a person waiving a cause of action receive satisfaction in money. Generally, anything of detriment to one side, or benefit to the other, may constitute sufficient consideration to support a settlement. (*Smucker v. Larimore* (1859), 21 Ill. 267.) Plaintiff cannot deny that he obtained a benefit from [his employers'] waiver of their workers' compensation lien. Had [his employers] not waived their lien, the first $149,737 of plaintiff's recovery would have gone to [his employers]. Plaintiff's argument that the waiver has no value ignores reality." 131 Ill. 2d at 321, 546 N.E.2d at 530.

Similarly, in the case at bar, without Dow's lien waiver, any money (up to $20,000) paid to Stacy by Ametek would go to Dow, not to Stacy. We cannot ignore the value of the waiver.

Key to our decision in this case is the ruling in *Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 484 N.E.2d 1232, where the court stated that subsections (c) and (d) of section 2 of the Contribution Act, when read together, provide that a tortfeasor who settles with a claimant in good faith is discharged from all liability for any contribution to any other tortfeasor. Thus, it is the existence of a settlement agreement that is important here, not the execution of a written release. Stacy's acceptance of the settlement agreement amounted to an implied release and would be an affirmative defense in any action to impose additional liability upon Dow.

Ametek relies upon *Meserole v. Lee C. Moore Corp.* (1986), 151 Ill. App. 3d 736, 502 N.E.2d 1230, for the proposition that where the settlement agreement was not accompanied by a release or covenant not to sue, the agreement was not a bar to a third-party complaint under the Contribution Act. *Meserole* is distinguishable on its facts. There the contract included an express reservation of the right to litigate insurance coverage and issues of apportionment. Later efforts to litigate those issues were obviously not barred in that case.

We conclude that the trial court correctly ruled that Dow has established a good-faith settlement with Stacy and that the agreement is enforceable. The order of the circuit court of Will County dismissing the third-party complaint is affirmed.

Affirmed.

STOUDER and GORMAN, JJ., concur.