PETER D. KOCIK *et al.*, Plaintiffs, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants and Third-Party Plaintiffs-Appellees (Nancy Day, widow of John Day, *et al.*, Plaintiffs-Appellees; Silver Cross Hospital *et al.*, Defendants and Third-Party Plaintiffs; Young Sales, Inc., *et al.*, Third-Party Defendants-Appellants; Ben B. Cabay Construction Company, Third-Party Defendant).

Third District   Nos. 3—92—0095, 3—92—0133 through 3—92—0140 cons.

Opinion filed March 19, 1993.

Hinshaw & Culbertson, of Chicago (Bruce L. Carmen, of counsel), and Cory D. Lund, of Hinshaw & Culbertson, of Joliet, for appellant Young Sales, Inc.

Jeffrey S. Pavlovich, of Kiesler & Berman, of Chicago (Lyle F. Koester, of counsel), for other appellants.

Johnson & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), and Gary L. Wunderlich, of Spesia & Ayers, of Joliet (Neil T. Goltermann, of counsel), for appellee Commonwealth Edison Company.

Rooks, Pitts & Poust, of Joliet (Robert R. Gorbold, of counsel), for appellee Huber, Inc.

Gary L. Wunderlich, of Spesia & Ayers, of Joliet (Neil T. Goltermann, of counsel), for appellee Illinois Bell Telephone Company.

Bradley W. Hayes and Condon & Marsaglia, both of Morris (A. Samuel Black, of counsel), for appellees Nancy Day, Lisa M. Helgeson, and Kelly Day.

Williams & Montgomery, of Chicago, for appellees Theodore Spiegel and Kathleen Spiegel.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

In nine similar cases, the circuit court of Will County denied the motions filed by the third-party defendants to strike the *ad damnum* clauses of the third-party complaints. In each case, the trial court, pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), certified the issue raised for interlocutory appeal. We have granted the third-party defendants' applications for leave to appeal and have consolidated the nine cases since they involve the same issue.

The only issue raised in these interlocutory appeals is whether the supreme court's decision in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 585 N.E.2d 1023, applies to causes of action accruing

prior to April 18, 1991. Because we conclude that the holding of the supreme court in *Kotecki* should have been applied to these pending cases, we reverse and remand.

A recitation of the facts of each individual appeal is not necessary for our determination of the sole issue raised before this court. We will therefore provide only a brief summary of the undisputed facts which are common to all of the appeals. The plaintiffs in all nine cases filed complaints alleging that they suffered injuries as a result of the defendants' negligence and violations of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*). The plaintiffs' injuries occurred during 1988 and 1989. In all nine cases, the defendants, as third-party plaintiffs, filed third-party complaints against the plaintiffs' employers seeking contribution in an amount commensurate with the employers' relative degree of culpability. The employers, as third-party defendants, then filed motions to strike the *ad damnum* clauses of the third-party complaints. The third-party defendants argued that their contribution liability was limited to the amount of their liability under workers' compensation pursuant to the supreme court's decision in *Kotecki*. The supreme court decided *Kotecki* on April 18, 1991. The trial court denied all of the third-party defendants' motions. The trial court determined that *Kotecki* did not apply to causes of action accruing prior to April 18, 1991.

The third-party defendants argue the trial court erred in determining that *Kotecki* should be applied prospectively only. They note that supreme court decisions are almost always applied retroactively to cases pending at the time of the decision. The third-party defendants contend that supreme court decisions are given prospective application only under extremely limited circumstances and allege those circumstances are not present here. We agree with the third-party defendants' analysis.

The third-party plaintiffs take the opposite view regarding the proper application of the holding in *Kotecki*. They argue that prospective application of the *Kotecki* decision is warranted since *Kotecki* established a new principle of law and because the equities of the situation require prospective application. We disagree.

In *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 14, 461 N.E.2d 382, 388, the supreme court held that an employer could be liable for contribution to a third party, regardless of the immunity provided by sections 5(a) and 11 of the Workers' Compensation Act (Ill. Rev. Stat. 1991, ch. 48, pars. 138.5(a), 138.11). The supreme court did not address the question of the extent of this liability. However, the court did state in *dicta* that "some accommodation" between section 5(b) of the Work-

ers' Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(b)) and section 2(a) of the Joint Tortfeasor Contribution Act (Contribution Act) (Ill. Rev. Stat. 1991, ch. 70, par. 302(a)) "may be in order." *Doyle*, 101 Ill. 2d at 15, 461 N.E.2d at 389.

Seven years later, the supreme court decided *Kotecki*. In *Kotecki*, the court held that an employer's contribution liability is limited to the amount of its liability under workers' compensation. *Kotecki*, 146 Ill. 2d at 165, 585 N.E.2d at 1027-28.

The supreme court in *Kotecki* did not agree with the argument raised here that limiting an employer's contribution liability required a "change" in the law. (*Kotecki*, 146 Ill. 2d at 160-61, 585 N.E.2d at 1025-26.) The defendant's argument in *Kotecki* was based upon indemnity cases. The supreme court determined that those cases were not applicable because the case before the court concerned contribution, not indemnity. (*Kotecki*, 146 Ill. 2d at 161, 585 N.E.2d at 1026.) The court emphasized in *Kotecki* that indemnity cases were of no help in resolving the question of contribution liability because indemnity and contribution are mutually exclusive remedies. (*Kotecki*, 146 Ill. 2d at 161, 585 N.E.2d at 1026.) Thus, the supreme court specifically rejected the argument that its holding in *Kotecki* was "changing" the law. The supreme court also stated that its holding was the natural "accommodation" which it recognized in *Doyle* would be necessary to reconcile the Workers' Compensation Act and the Contribution Act. *Kotecki*, 146 Ill. 2d at 165, 585 N.E.2d at 1027-28.

In its petition for rehearing, the defendant in *Kotecki* asked the supreme court to limit its decision to prospective application only. The supreme court denied the petition for rehearing and did not limit its decision. See *Kotecki*, 146 Ill. 2d at 174-75, 585 N.E.2d at 1032 (Freeman, J., dissenting).

■ As a general rule, judicial decisions are given retroactive effect. (*Deichmueller Construction Co. v. Industrial Comm'n* (1992), 151 Ill. 2d 413, 416, 603 N.E.2d 516, 518.) The decision of a court is applied retroactively to pending cases unless the court expressly declares that its decision is a clear break with past precedent or practice. (*Marozas v. Board of Fire & Police Commissioners* (1991), 222 Ill. App. 3d 781, 788, 584 N.E.2d 402, 406; *Pierce v. Tee-Pak, Inc.* (1990), 196 Ill. App. 3d 544, 547, 553 N.E.2d 1104, 1106.) Judicial interpretation of a statute does not necessarily constitute a change in the law. *Marozas*, 222 Ill. App. 3d at 788, 584 N.E.2d at 407; *Pierce*, 196 Ill. App. 3d at 547, 553 N.E.2d at 1106.

The test for prospective application of a court's decision was set out in *Elg v. Whittington* (1987), 119 Ill. 2d 344, 357, 518 N.E.2d

1232, 1238. The first part of the *Elg* analysis is whether the case establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. According to *Elg*, the first test must be met before the second part of the analysis is ever considered. The second part of the analysis is: (1) whether, given the purpose or prior history of the rule, its operation will be promoted or retarded by prospective or retroactive application; and (2) whether prospective application is mandated by the balance of equities. *Elg*, 119 Ill. 2d at 357, 518 N.E.2d at 1238.

■ We conclude that the third-party plaintiffs have failed to establish that *Kotecki* should be given prospective application under the first prong of the *Elg* test. We cannot agree with the third-party plaintiffs that *Kotecki* established a new principle of law. The third-party plaintiffs insist that, prior to *Kotecki*, the law in Illinois was that a defendant had the right to recover unlimited contribution from a negligent employer. The third-party plaintiffs have failed to cite any clear, controlling precedent for this assertion. We find the language of the supreme court decision in *Kotecki* is contrary to the third-party plaintiffs' position.

The court in *Kotecki* did not expressly declare that its decision was a clear break with past precedent. In fact, it essentially stated the opposite when it rejected the argument that limiting an employer's contribution liability required a "change" in the law. In addition, the *Kotecki* court noted that it was not changing the common law but was reconciling two potentially conflicting statutes. (*Kotecki*, 146 Ill. 2d at 162, 585 N.E.2d at 1026.) Thus, the issue before the *Kotecki* court involved the interpretation of statutes, which does not necessarily constitute a change in the law. Also, while the supreme court did squarely decide the issue for the first time in *Kotecki*, the court strongly indicated that its decision was foreshadowed by its *dicta* in *Doyle*. The supreme court stated that its decision was the natural "accommodation" which it recognized in *Doyle* would be necessary to reconcile the two statutes.

We therefore conclude, based on the language of *Kotecki*, that the general rule of retroactive application must apply. Accordingly, since the cases here were pending and had not come to trial prior to the *Kotecki* decision, the *Kotecki* holding applies retroactively to these cases.

We note that our conclusion is consistent with the recent holding of the First District Appellate Court in *Norberg v. Centex Homes Corp.* (1993), 247 Ill. App. 3d 267. The court in *Nor-*

*berg* held "the *Kotecki* decision applies only to cases in which trial had not yet commenced on the date the *Kotecki* opinion was released." (*Norberg*, 247 Ill. App. 3d at 273.) Therefore, based upon our analysis and the *Norberg* holding, *Kotecki* would apply here because the cases before us involve pretrial proceedings. See *Norberg*, 247 Ill. App. 3d at 273.

For the reasons indicated, the orders of the circuit court of Will County are reversed and remanded. The trial court is directed to strike the *ad damnum* clauses of the third-party complaints so that the third-party defendants' contribution liability will be limited to an amount not greater than the third-party defendants' workers' compensation liability.

Reversed and remanded.

BARRY and BRESLIN, JJ., concur.