GUADALUPE ALVAREZ, Plaintiff-Appellee, v. FRED HINTZE CON-STRUCTION *et al.*, Defendants (Pleasant Knoll, Third-Party Plaintiff-Appellant; J.S. Alberico, Third-Party Defendant-Appellee).—GUADALUPE ALVAREZ, Plaintiff, v. FRED HINTZE CONSTRUCTION, Defendant and Third-Party Plaintiff-Appellant (J.S. Alberico, Third-Party Defendant-Appellee).

Third District   Nos. 3—92—0866, 3—92—0905 cons.

Opinion filed July 26, 1993.

Michael C. O'Neill, of Law Offices of John R. Wienold, Ltd., of Aurora (John R. Wienold, of counsel), for appellant Pleasant Knoll.

Edward W. Moltzen, of Bresler, Brenner & Moltzen, of Chicago (Frederick C. Schaefer, of counsel), for appellant Fred Hintze Construction.

Lyle F. Koester, of Kiesler & Berman, of Chicago (Jeffrey S. Pavlovich, of counsel), for appellee J.S. Alberico.

Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (Richard L. Rumsey, of counsel), for appellee Guadalupe Alvarez.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendants, Fred Hintze Construction (Hintze) and Pleasant Knoll, joint venture (Pleasant Knoll), appeal from an order of the circuit court of Will County. The trial court found a settlement agreement between the plaintiff, Guadalupe Alvarez, and the plaintiff's employer, J.S. Alberico (Alberico), was made in good faith pursuant to the Joint Tortfeasor Contribution Act (Contribution Act) (Ill. Rev. Stat. 1991, ch. 70, par. 300 *et seq.*). Consequently, the trial court dismissed with prejudice the defendants' third-party contribution actions against Alberico.

The sole issue raised on appeal is whether the trial court erred in dismissing the defendants' third-party complaints for contribution against Alberico. After reviewing well-established Illinois law concerning the issue of good-faith settlements under the Contribution Act, we affirm.

The plaintiff filed a complaint against the defendants claiming he was injured at a construction work site on April 20, 1988. The plaintiff alleged that Hintze was the general contractor at the work site. He further alleged that Pleasant Knoll was the owner, general contractor and project manager of the work site. The plaintiff claimed that his injuries were the result of the defendants' negligence and violations of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 30, par. 60 *et seq.*). Both of the defendants filed third-party complaints for contribution against Alberico.

Alberico subsequently filed motions to strike the *ad damnum* clauses of the third-party complaints. The trial court denied the motions. This cause was then consolidated with eight similar cases on appeal. In *Kocik v. Commonwealth Edison Co.* (1993), 242 Ill. App. 3d 679, 610 N.E.2d 766, we held that our supreme court's decision in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 585 N.E.2d 1023, applied retroactively to pending causes of action where trial had not commenced prior to April 18, 1991. We therefore remanded the nine cases to the circuit court of Will County with directions that the *ad damnum* clauses of the third-party complaints be stricken "so that the third-party defendants' contribution liability will be limited to an amount not greater than the third-party defendants' workers' compensation liability." *Kocik*, 242 Ill. App. 3d at 684, 610 N.E.2d at 769.

On July 23, 1992, while *Kocik* was pending in this court, Alberico filed a motion in the trial court for a good-faith finding and a stipulation for dismissal. Alberico sought dismissal of the third-party com-

plaints based upon its settlement with the plaintiff for $220,000 plus a waiver of its workers' compensation lien of $184,223.60. The defendants filed objections. Subsequently, on October 13, 1992, a pretrial memorandum was filed which stated that the plaintiff was alleging damages for past medical expenses and lost wages in the amount of $1,128,351.99.

A hearing on the motion for a good-faith finding was held on October 28, 1992. At the hearing, counsel for the plaintiff informed the trial court that the plaintiff was 34 years old, married with two children, and receiving weekly workers' compensation payments of $456. The plaintiff had suffered a severe, disabling knee injury. However, plaintiff's counsel advised the court that the plaintiff may eventually be able to work at a desk job. Also, plaintiff's counsel indicated that the workers' compensation carrier was questioning whether plaintiff's back injury was work related. Additionally, plaintiff's counsel informed the court that his law firm specialized in the area of workers' compensation. Based upon the opinion of the attorneys in his office, plaintiff's counsel told the court that the settlement was a good workers' compensation settlement based upon all the circumstances known in the case.

At the hearing, Pleasant Knoll presented the affidavit of Kim E. Presbrey, an attorney who specialized in the area of trying and settling workers' compensation cases. Presbrey's affidavit stated that the reasonable range of the present value of plaintiff's workers' compensation claim, exclusive of any future medical expenses, was from $352,028.35 to $533,342.16.

Following the hearing, the trial court entered an order finding that the settlement was "a fair, reasonable and good faith settlement considering the obvious hazards, uncertainties and costs of litigation, conflicts in evidence revealed through discovery and difficulties in evaluating and determining relative degrees of fault among the alleged tort feasors." As a result of its finding, the trial court dismissed the third-party complaints with prejudice. The order stated that there was no just cause to delay enforcement or appeal. Each defendant filed a notice of appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), and we consolidated the two appeals.

On appeal, both defendants argue that the trial court did not make adequate inquiry into the totality of the circumstances in determining whether the settlement was made in good faith. The defendants contend that an adequate inquiry by the trial court would show that the settlement amount was too low considering the plaintiff's claimed damages and Alberico's culpability. In essence, the defendants

argue that it was unfair for the trial court to allow Alberico, the employer, to obtain a dismissal of the defendants' third-party actions by settling with its employee for the sum of $220,000 plus a waiver of a workers' compensation lien in excess of $184,000. We disagree with the defendants' argument.

Initially, we note that the Contribution Act allows a tortfeasor, who settles with a claimant in good faith, to be discharged from liability for contribution to any other tortfeasors. (Ill. Rev. Stat. 1991, ch. 70, pars. 302(c), (d); *Dixon v. Chicago & North Western Transportation Co.* (1992), 151 Ill. 2d 108, 114, 601 N.E.2d 704, 706.) It has been uniformly held in Illinois that an employer from whom contribution is sought can make a good-faith settlement of a workers' compensation claim with its employee and thus be discharged from contribution liability to nonsettling defendants. *Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 318-19, 546 N.E.2d 524, 529; *Higginbottom v. Pillsbury Co.* (1992), 232 Ill. App. 3d 240, 247, 596 N.E.2d at 843, 848; *Stacy v. Ametek, Inc.* (1990), 205 Ill. App. 3d 58, 60-61, 562 N.E.2d 1180, 1182; *Banks v. R.D. Werner Co.* (1990), 201 Ill. App. 3d 762, 559 N.E.2d 217.

■ Accordingly, we find that the dismissal of the defendants' third-party complaints against Alberico was perfectly permissible under the Contribution Act so long as the settlement was made in good faith. Based upon our review of the record and applicable case law, we find meritless the defendants' argument that the settlement here was not made in good faith.

"The policy of the Contribution Act is to encourage compromise and settlement in the absence of bad faith, fraud or collusion." (*Mallaney v. Dunaway* (1988), 178 Ill. App. 3d 827, 833, 533 N.E.2d 1114, 1117.) This policy is promoted by the approval of settlements which represent a fair compromise of the parties' interests, even though the dollar amount of the settlement does not accurately represent all of the injured party's damages. (*Mallaney*, 178 Ill. App. 3d at 833, 533 N.E.2d at 1117.) In order for a settlement to be in good faith, however, the plaintiff must receive some net consideration for the agreement. *Higginbottom*, 232 Ill. App. 3d at 257, 596 N.E.2d at 854.

Thus, under the Contribution Act, a settlement is considered *prima facie* in good faith when the settling party shows that the settlement is supported by consideration. (*McDermott v. Metropolitan Sanitary District* (1992), 240 Ill. App. 3d 1, 44, 607 N.E.2d 1271, 1297.) Once this preliminary showing of a good-faith settlement has been made, the burden then shifts to the party challenging the settlement to establish that it was not made in good faith. (*Wilson*, 131 Ill.

2d at 318-19, 546 N.E.2d at 529.) The party opposing the settlement must prove by clear and convincing evidence that the settlement is invalid. (*Higginbottom*, 232 Ill. App. 3d at 249, 596 N.E.2d at 849.) "Lack of good faith has been generally considered to be tortious or wrongful conduct on the part of the settling party that amounts to fraud or collusion." (*McDermott*, 240 Ill. App. 3d at 44, 607 N.E.2d at 1297.) Further, a settlement agreement is not considered to have been made in bad faith where the settlement was made to avoid third-party liability for contribution. *McDermott*, 240 Ill. App. 3d at 47, 607 N.E.2d at 1299; *Jessee v. Amoco Oil Co.* (1992), 230 Ill. App. 3d 337, 347, 594 N.E.2d 1210, 1217.

Here, the defendants have presented no evidence of bad faith, fraud or collusion, or any wrongful conduct on the part of the settling party. Nevertheless, the defendants argue that they have met their burden of establishing bad faith because the amount of the settlement was inadequate. Defendants contend that Alberico was present at the work site and was the most culpable for the plaintiff's injuries. They also note that the plaintiff claimed in his pretrial memorandum damages exceeding $1 million. Citing *Mallaney*, the defendants point out that the difference between the settlement amount and the value of the plaintiff's claimed damages may be "substantial enough to smack of 'bad faith,' collusion or fraud." (*Mallaney*, 178 Ill. App. 3d at 833, 533 N.E.2d at 1117.) Again, we disagree.

■ The courts in this State have consistently found settlements in good faith where, as here, the plaintiff received a lump sum amount and a waiver of a workers' compensation lien. (See, *e.g.*, *Wilson*, 131 Ill. 2d at 319, 546 N.E.2d at 529; *Stacy*, 205 Ill. App. 3d at 60-61, 562 N.E.2d at 1182; *Snoddy v. Teepak, Inc.* (1990), 198 Ill. App. 3d 966, 968-70, 556 N.E.2d 682, 684-85.) The mere fact that the plaintiff's actual damages exceed the amount of the settlement does not prove that the settlement was unreasonable. (*Mallaney*, 178 Ill. App. 3d at 833, 533 N.E.2d at 1117.) Also, Illinois' courts have consistently rejected challenges to good-faith settlements based upon alleged disparities between the value of the settlement and the settling tortfeasor's relative culpability for the plaintiff's damages. (*Smith v. Texaco, Inc.* (1992), 232 Ill. App. 3d 463, 469, 597 N.E.2d 750, 755.) Our courts have "recognized that settlements may be substantially different from the results of litigation because damages are often speculative and the probability of liability uncertain." *Smith*, 232 Ill. App. 3d at 469, 597 N.E.2d at 755, citing *O'Connor v. Pinto Trucking Service, Inc.* (1986), 149 Ill. App. 3d 911, 916, 501 N.E.2d 263, 267.

Furthermore, we find no evidence in the record to support defendants' assertion that the trial court did not conduct a sufficient inquiry into whether the settlement was made in good faith. Illinois courts have not required trial courts to conduct a separate evidentiary hearing in order to make a determination regarding good faith. (*Roberson v. Belleville Anesthesia Associates, Ltd.* (1991), 213 Ill. App. 3d 47, 52, 571 N.E.2d 1131, 1134; *Ruffino v. Hinze* (1989), 181 Ill. App. 3d 827, 832, 537 N.E.2d 871, 874.) The trial court has discretion to determine what type of hearing is necessary to decide the issue of good faith. (*Lewis v. Illinois Central R.R. Co.* (1992), 234 Ill. App. 3d 669, 682-83, 600 N.E.2d 504, 513.) In fact, the trial court can decide the issue of good faith solely on the basis of the arguments of trial counsel. *McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 526, 515 N.E.2d 157, 163.

▇▇ Here, the trial court was informed concerning plaintiff's circumstances and determined that a settlement of $220,000 plus a waiver of a workers' compensation lien of $184,223.60 was reasonable and in good faith. While the trial court should not be a "rubber stamp" in determining good faith (*Smith*, 232 Ill. App. 3d at 470, 597 N.E.2d at 756), this determination is largely left to the discretion of the trial court (*Higginbottom*, 232 Ill. App. 3d at 249, 596 N.E.2d at 849).

In the case at hand, the amount of the settlement was substantial and there was no evidence presented by the defendants to show either bad faith, fraud or collusion. Therefore, we conclude that the defendants failed to meet their burden of proving by clear and convincing evidence that the settlement was invalid. Accordingly, the trial court did not abuse its discretion in determining that the settlement was made in good faith.

Hintze argues that section 2—1117 of the Code of Civil Procedure requires a different result. This section provides that a defendant is only severally liable, and not jointly liable, for damages other than the plaintiff's medical expenses if its level of fault "is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1117.) Based upon this statute, Hintze contends that allowing Alberico's settlement with the plaintiff will preclude the jury from apportioning any fault to Alberico due to its absence from the litigation. Thus, Hintze argues that it will be "denied its right to obtain an apportionment of fault of 25% or less and thus become only severally liable." We disagree.

■ We conclude that section 2—1117 cannot be read to preclude a finding that a settlement has been made in good faith under the Contribution Act even where a nonsettling defendant claims to be less than 25% at fault. This conclusion does not necessarily deny a nonsettling defendant the potential benefit provided by section 2—1117, however. It has been suggested that the rights of a nonsettling defendant under section 2—1117 "cannot be negated simply because another tortfeasor has settled with the plaintiff." (Walsh & Doherty, *Section 2—1117: Several Liability's Effect on Settlement and Contribution*, 79 Ill. B.J. 122, 125 (1991).) Walsh and Doherty posit that even where one tortfeasor has settled with the plaintiff, "[t]he jury should still be able to assess the defendant's relative culpability, and if the defendant's level of fault falls below the 25 percent threshold, its liability is several only and is not affected by the plaintiff's settlement with the other tortfeasor." Walsh & Doherty, 79 Ill. B.J. at 125.

The defendants have also argued that a different result is required based upon our supreme court's decision in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 585 N.E.2d 1023. We disagree. In *Kotecki*, the court reconciled potentially conflicting sections of the Workers' Compensation Act and the Contribution Act. The court thus clarified the law and held that an employer's contribution liability is limited to the amount of the employer's workers' compensation liability. *Kotecki*, 146 Ill. 2d at 165, 585 N.E.2d at 1027-28; see also *Kocik v. Commonwealth Edison Co.* (1993), 242 Ill. App. 3d 679, 682, 610 N.E.2d 766, 768.

■ The defendants contend that *Kotecki*, which never discussed the issue of good-faith settlements, somehow reversed well-established law in Illinois regarding good-faith settlements under the Contribution Act. We find no merit to this argument. The defendants argue that, based upon *Kotecki*, they are now entitled to contribution from Alberico in the full amount of Alberico's workers' compensation liability. Furthermore, they contend that a settlement by Alberico cannot be in good faith unless it is found by the trial court to be equal to Alberico's workers' compensation liability. We find no language in *Kotecki* which supports this contention. Also, we note that the defendants in this appeal have cited no Illinois cases which support their arguments.

For the reasons indicated, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BRESLIN and LYTTON, JJ., concur.