**Daniel S. RIORDAN, Plaintiff,**

v.

**CITY OF JOLIET, et al., Defendants.**

**No. 96 C 8400.**

United States District Court, N.D. Illinois, Eastern Division.

April 24, 1998.

P. Matthew Glavin of Glavin & Associates, Ltd. Chicago, IL, for Plaintiff.

James G. Sotos of Hervas, Sotos, Condon & Bersani, P.C. Itasca, and Joseph F. Spitzzeri of Johnson & Bell, Ltd. Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

After cross-motions for summary judgment or for partial summary judgment in this action had been filed and had reached the point of final briefing, defendants City of Joliet and two of its police officers (collectively ·"Joliet Defendants") filed a motion for leave to cite the Illinois Supreme Court's then-just-issued decision in *Harinek v. 161 N. Clark St. Ltd. Partnership,* 181 Ill.2d 335, 230 Ill.Dec. 11, 692 N.E.2d 1177 (1998) as additional authority in support of their legal position. This Court of course not only granted such leave but also authorized counsel for Joliet Defendants and for plaintiff Daniel Riordan ("Riordan") to tender further submissions as to the impact (if any) of *Harinek* on this case, importantly including the question whether the decision there would be applied to a previously-pending lawsuit such as this one. That further round of briefing has now been completed, so that the issues posed by *Harinek* are ripe for decision.

One collateral matter should be gotten out of the way at the outset. Joliet Defendants' most recent filing asserts that *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)—a case that represents one of the stepping stones in the argument made on Riordan's behalf—should be ignored because it "has been overruled" (Joliet Defendants' R. Br. 2) by *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). That proposition may have some force as applied to *federal* principles of retroactivity (a matter that this Court need not pause to analyze for

present purposes), but it is really irrelevant to the issue now under consideration. Indeed, the Illinois Supreme Court has said just that in a case on which Joliet Defendants place heavy reliance (and quite properly so): *Aleckson v. Village of Round Lake Park,* 176 Ill.2d 82, 88, 223 Ill.Dec. 451, 454, 679 N.E.2d 1224, 1227 (1997) cites to the *Chevron* approach in the course of its own analysis.

If then the claimed overruling of *Chevron* were a key to the position of Joliet Defendants, they would be in some difficulty. Fortunately for them that is not the case, and their other arguments stand on a firmer foundation. *Aleckson, id.* at 88–91, 223 Ill. Dec. at 454–55, 679 N.E.2d at 1227–28 teaches (1) that the question whether an Illinois Supreme Court decision (such as *Harinek*) should be given only prospective effect certainly calls for a negative answer whenever the Supreme Court has made an express statement on that score and (2) that the equivalent of such an express statement is present whenever that court has denied a petition for rehearing that had specifically requested that the decision be given such prospective effect. In support of that proposition *Aleckson* cited to *Kotecki v. Cyclops Welding Corp.,* 146 Ill.2d 155, 166 Ill.Dec. 1, 585 N.E.2d 1023 (1991) and particularly to Justice Freeman's dissent in that case (*id.* at 166, 166 Ill.Dec. at 6, 585 N.E.2d at 1028) regarding the denial of rehearing. See also *Lannom v. Kosco,* 158 Ill.2d 535, 199 Ill.Dec. 743, 634 N.E.2d 1097 (1994), discussing *Kotecki* in the same light.

In this instance the scenario discussed in *Aleckson* and *Lannom* was repeated in *Harinek.* Losing counsel in the latter case did file a Petition for Rehearing, which in part asked specifically that the opinion should be amended to clarify that its ruling regarding the Illinois special duty doctrine is prospec-tive only. Because that Petition for Rehearing was denied, the necessary conclusion from the Illinois cases is that *Harinek* applies with full vigor to this action—one that, though it was filed well before the *Harinek* decision, is still pending post-*Harinek.*

Accordingly this Court's February 25, 1997 memorandum opinion and order, which had upheld part of Riordan's Complaint based on the then-existing judicially-created special duty exception to statutory immunity under the Illinois Tort Immunity Act (the "Act"), must be withdrawn.[1] Under *Harinek* that special-duty concept is no longer viable in Illinois.

That being the case, Joliet Defendants' proposed reliance on the Act to defeat Riordan's state law claims is resuscitated, and such immunity is effective as to all of the Act's provisions that do not, by their plain language, limit immunity to discretionary acts (*Epstein v. Chicago Bd. of Educ.,* 178 Ill.2d 370, 380–82, 227 Ill.Dec. 560, 565–66, 687 N.E.2d 1042, 1047–48 (1997)). Here Joliet Defendants do not claim immunity under 745 ILCS 10/2–201 ("Section 2–201"[2]), which limits immunity to "an injury resulting from [a public employee's] act or omission in determining policy when acting in the exercise of such discretion even though abused." Instead Joliet Defendants point to Sections 4–102,[3] 4–107, 2–202 and 2–109.

In relevant part, Section 4–102 is squarely applicable to Riordan's contentions based on state law:

> Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to

---

1. That 1997 opinion clearly contemplated that a change in Illinois Supreme Court doctrine would call for a fresh look at the issue:

   > [T]he Illinois Supreme Court's special duty exception to such statutory immunity remains intact to this point....Unless and until the Illinois Supreme Court (and not merely one or more individual Justices) declares otherwise, this Court declines the invitation to invalidate such claims.

2. As with the just-cited provision, all further references to the Act will take the form "Section–," omitting the prefatory "745 ILCS 10/" portion of the official citation.

3. Joliet Defendants' most recent submission mistakenly refers to Section 4–104 rather than 4–102. But both a quick look at the clearly irrelevant Section 4–104 and a reference back to Joliet Defendants' earlier filings confirm that Section 4–102 is the right one.

provide adequate police protection or service....

And the same is true of Section 4–107:

> Neither a local public entity nor a public employee is liable for an injury caused by the failure to make an arrest or by releasing a person in custody.

Those total immunities render moot Joliet Defendants' additional reliance on Sections 2–202 and 2–109, which would insulate those defendants only in part: Those added provisions would not serve to bar the portion of Riordan's claims that are based on the assertedly wilful and wanton conduct of the defendant officers.

### Conclusion

*Harinek* has compelled this Court to revisit its earlier ruling, which had limited the applicability of the Act based on the then-existing special duty doctrine announced by the Illinois Supreme Court. That judicial cabining of the Illinois General Assembly's enactments has now been eliminated, and this Court therefore dismisses the claims in Complaint Counts IV through VII with prejudice.

That dismissal of course moots the portion of Joliet Defendants' summary judgment motion that addresses those counts, and it necessarily calls for the denial of the part of Riordan's summary judgment motion that is directed to the same counts. This Court so orders. That leaves pending the remaining portions of the parties' respective summary judgment motions, which will be dealt with in due course.