DOROTHY E. ELLIS, Plaintiff-Appellee, v. E. W. BLISS AND COMPANY et al., Defendants-Appellants (E. W. Bliss and Company, Third–Party Plaintiff-Appellant; Croname, Inc., Third–Party Defendant-Appellee).

First District (2nd Division)   No. 87—3068

Opinion filed August 9, 1988.—Rehearing denied September 8, 1988.

Francis D. Morrissey, Peter J. Mone, and William Michael Sneed, all of Baker & McKenzie, of Chicago, for appellant.

Ialongo & Meyer, of Chicago, for appellee Dorothy E. Ellis.

D. Patterson Gloor and Michael J. Gallagher, both of Cassiday, Schade & Gloor, of Chicago, for appellee Croname, Inc.

JUSTICE BILANDIC delivered the opinion of the court:

Third-party plaintiff, E. W. Bliss and Company (hereinafter Bliss), appeals from an order dismissing its third-party complaint against third-party defendant, Croname, Inc. (hereinafter Croname). The dismissal was based on a "good faith" settlement between Croname and plaintiff, Dorothy E. Ellis (hereinafter plaintiff). The facts are relatively simple and undisputed.

Plaintiff brought an action to recover damages for injuries she sustained while operating a punch press manufactured by Bliss. Thereafter, with leave of court, plaintiff filed an amended complaint which added her employer, Croname, as an additional party defendant. On March 28, 1983, an order was entered dismissing plaintiff's complaint against her employer because the injury was sustained in the course of her employment with Croname; therefore, plaintiff's exclusive remedy against her employer was under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.5(a)).

Approximately nine months after Croname's dismissal, Bliss filed a third-party complaint for contribution against Croname. Bliss could have brought this third-party action against Croname at any time after the commencement of plaintiff's action against Bliss in 1980. (Ill. Rev. Stat. 1983, ch. 110, par. 2—406(b).) Finding itself back in a case from which it had been dismissed, Croname negotiated a settlement agreement with plaintiff. This agreement was submitted to the trial court for a "good faith" finding pursuant to the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 302(c)). Bliss objected to Croname's motion for a "good faith" finding on the ground that plaintiff's action against Croname had already been dismissed; therefore, there can be no consideration from the plaintiff to Croname to support a "good faith" finding for this proposed settlement.

According to the settlement agreement, Croname was to pay $250,000 to plaintiff and waive its workers' compensation lien of $38,153.07. The trial court ruled that the settlement agreement between Croname and plaintiff was "executed in good faith for the purpose of resolving a disputed claim and that the settlement amount was a reasonable compromise of potential liability." Pursuant to the Contribution Act, the court dismissed Bliss' third-party complaint against Croname. Bliss timely filed a notice of appeal from that order.

In Ballweg v. City of Springfield (1986), 114 Ill. 2d 107, 499

N.E.2d 1373, our supreme court held that a third-party defendant could settle with the plaintiff even though a direct action against the third-party defendant would be barred by the statute of limitations. Although an objecting tortfeasor argued that the settlement lacked consideration and therefore was not made in good faith, the court looked at the public policy encouraging the settlement of cases and concluded otherwise. The court noted, however, that part of its reasoning was that "potential liability" existed against the third-party defendant because the *special defense* that the statute of limitations had run *was never established.* 114 Ill. 2d at 122.

In the case at bar, Bliss contends that Croname *established its special defense* under the exclusive remedy provisions of the Workers' Compensation Act and, therefore, there was no "potential liability" which could support a "good faith" finding to serve as consideration for the settlement with the plaintiff. We disagree.

■■ The exclusive remedy provision of the Workers' Compensation Act did not prohibit Bliss from joining Croname as a third-party defendant. In *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, our supreme court held that the Illinois Contribution Act does not prohibit third-party actions against employers even where a separate workers' compensation proceeding was filed by the plaintiff. The court said that "the intent of the contribution statute was to reach anyone who is culpable *regardless of whether they have been immunized from a direct tort action by some special defense or privilege.*" (Emphasis added.) 101 Ill. 2d at 9.

At oral argument, counsel for Bliss conceded that if the settlement was made before the trial court ruled on Croname's motion to dismiss in plaintiff's action against Croname, there would be "potential liability" under *Ballweg* to support the trial court's order. However, since the "potential liability" was eliminated by the dismissal of Croname, Bliss contends that the trial court's order must be reversed. What Bliss ignores is that Croname is also extinguishing "potential liability" in this third-party action, rather than "potential liability" only in the action of plaintiff against Croname.

■■ The argument by Bliss that the settlement was not supported by consideration creates a legal fiction. Croname was exposed to liability in this case, although it was derivative from the liability of Bliss. As a result, there was liability to be released, *i.e.*, Croname's liability to Bliss under the rules of contribution among tortfeasors.

■■ The Contribution Act clearly contemplates, and encourages, settlement by fewer than all tortfeasors who may be responsible for a single injury. Subsection (c) of section 2 of the Act provides that a

settling tortfeasor works a dollar-for-dollar reduction of the recovery had against any remaining, nonsettling tortfeasors. (Ill. Rev. Stat. 1983, ch. 70, par. 302(c).) Subsection (d) specifically provides that a settling tortfeasor is discharged from all contribution to any other tortfeasor. (Ill. Rev. Stat. 1983, ch. 70, par. 302(d).) None of the Illinois cases that have considered instances of settlements directly between third-party defendants and plaintiffs have questioned the propriety of dismissing settling third parties, provided the settlement was made in good faith. *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373; *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 498 N.E.2d 690; *LeMaster v. Amsted Industries, Inc.* (1982), 110 Ill. App. 3d 729, 442 N.E.2d 1367.

■■ Denying Croname an opportunity to make a fair settlement with the plaintiff would place a third-party defendant in an untenable position. On one hand, despite the exclusive remedy provisions of the Workers' Compensation Act, Bliss can join Croname as a party to the case and expose it to payment of an unlimited amount under the Contribution Act. Yet, on the other hand, adopting Bliss' argument, Croname could never take advantage of the right to discharge its liability by settlement with plaintiff, a right granted to all other tortfeasors. This not only defeats the policy of encouraging settlements, but would "allow one litigant to hold the others hostage to its own intransigence." *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 851, 498 N.E.2d 690.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.