(No. 75983

PAUL LANNOM *et al.*, v. ROBERT KOSCO, Appellant (The County of Williamson, Appellee).

*Opinion filed April 21, 1994.*

Christy Solverson, of Brandon, Schmidt & Palmer, of Carbondale, for appellant.

Dennis E. Rose and Georgiann Oliver, of Donovan, Rose, Nester & Szewczyk, P.C., of Belleville, for appellee.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The plaintiffs, Paul and Nadine Lannom, brought an action in the circuit court of Williamson County against the defendant, Robert Kosco. The plaintiffs' complaint sought to recover damages for personal injury to Paul and loss of consortium to Nadine. Defendant Kosco, in turn, filed a third-party complaint against the County of Williamson, Paul's employer at the time of the accident, seeking contribution. On the day of trial, the county moved to dismiss the third-party complaint against it, stipulating that it would waive its workers' compensation lien. As support for its motion, the county relied upon this court's decision in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155. The trial court granted the county's motion to dismiss, rejecting Kosco's argument that *Kotecki* applies prospectively only. The appellate court affirmed. (247 Ill. App. 3d 629.) We granted Kosco's petition for leave to appeal (134 Ill. 2d R. 315).

The primary issue raised in this interlocutory appeal is whether the rule adopted in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, applies retroactively to cases that were pending when this court announced that decision. We conclude that the decision applies retroactively.

### Facts

On February 16, 1989, the plaintiffs filed a complaint that alleged that the defendant, Kosco, negligently drove his automobile and struck Paul Lannom, as he was working alongside a highway. On March 8, 1989, Kosco filed a third-party complaint for contribution against Paul's employer, the County of Williamson. The third-party complaint alleged that the county engaged in willful and wanton misconduct when it parked its truck on the wrong side of the road without hazard lights or warning devices. On April 18, 1991, this court announced

its decision in *Kotecki*, which held that an employer's liability in contribution is limited to the amount of its workers' compensation liability. *Kotecki*, 146 Ill. 2d 155.

The County of Williamson then filed three motions: a motion to strike the *ad damnum* clause of Kosco's third-party complaint; a motion to limit its liability to the amount of its workers' compensation lien; and, finally, a motion to dismiss the third-party complaint, pursuant to its agreement to waive its workers' compensation lien. Kosco objected to the motions, arguing that the decision in *Kotecki* should apply prospectively only. The plaintiffs also objected for the same reason. Following a hearing, the trial court granted the county's motion to dismiss the third-party complaint upon waiver of the county's workers' compensation lien. The court found that nothing in this court's decision suggested that *Kotecki* would apply prospectively only. The appellate court affirmed. (247 Ill. App. 3d 629.) This court granted the third-party defendant's petition for leave to appeal to consider whether the decision in *Kotecki* should apply prospectively only (134 Ill. 2d R. 315).

Generally, this court's decisions apply retroactively to cases pending at the time the decision was announced. (*Deichmueller Construction Co. v. Industrial Comm'n* (1992), 151 Ill. 2d 413, 416.) This court has inherent power to declare, however, that a decision will apply prospectively only. (*Deichmueller*, 151 Ill. 2d at 416.) In the past, when the court intended for a decision to apply prospectively, it expressly stated so in the opinion. See, e.g., *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 26-27; *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 359; *Wilson v. Clark* (1981), 84 Ill. 2d 186, 196; *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28; *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 353.

The *Kotecki* decision does not expressly state that

its holding will apply prospectively only. Moreover, the court denied the appellee's petition for rehearing which specifically asked the court to modify the opinion to make it prospective only. *Kotecki*, 146 Ill. 2d 155; *cf. Elg v. Whittington* (1987), 119 Ill. 2d 344, 357; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 16-17 (where the court modified opinions upon denial of the petitions for rehearing to make the holdings apply prospectively only).

The appellants nevertheless argue that the *Kotecki* decision should not be applied retroactively. As support for this claim, the appellants argue that the decision satisfies the test for prospective application that this court adopted in *Elg v. Whittington* (1987), 119 Ill. 2d 344, 357. We conclude that it is not necessary to consider the *Elg* test. That test was created for the purpose of explaining or justifying the court's decision to *deviate* from the general rule of retroactive application. (See, *e.g., Elg*, 119 Ill. 2d at 357.) We need not apply that *Elg* test to cases such as *Kotecki*, where the court decided to *follow* the general rule and apply its decision retroactively, as well as prospectively. As the *Kotecki* court determined, the rule that an employer's contribution liability is limited to its workers' compensation liability applies retroactively to all cases that were pending at the time this court announced the *Kotecki* decision, including the present action.

The defendant raises several additional arguments in support of his claim that the trial court improperly dismissed his third-party complaint against the county. We briefly address each of these arguments.

Kosco first claims that the county waived its *Kotecki* defense of limited contribution liability by purchasing liability insurance for unlimited contribution protection. We agree with the appellate court's conclusion, however, that Kosco waived this issue by failing to raise it in the

trial court. The parties did not argue and the trial court did not consider what effect the county's alleged purchase of liability insurance would have upon application of the *Kotecki* rule. Accordingly, we find that Kosco waived the issue for purposes of this appeal.

Kosco next argues that the trial court erred in dismissing the third-party complaint against the county because *Kotecki* does not apply where the third-party complaint alleges willful and wanton misconduct, rather than simple negligence. Kosco argues that *Kotecki* limits an employer's contribution liability to its workers' compensation liability only in cases where the employer's conduct is negligent. He argues that the *Kotecki* rule does not apply to employers who are guilty of willful and wanton misconduct.

We disagree. Nothing in the text of the *Kotecki* opinion suggests that the decision is limited to cases where the direct defendant alleges that the employer's conduct was negligent, rather than willful and wanton. Moreover, the policies underlying the rule adopted in *Kotecki* support application of that rule to employers who are guilty of willful and wanton misconduct, as well as those guilty of simple negligence. As stated, the *Kotecki* rule was designed to allow third parties to obtain some contribution from employers, while preserving the employer's right to rely upon the protections of the Workers' Compensation Act. Thus, the *Kotecki* rule, limiting an employer's contribution liability, logically applies in all those circumstances where the employer has a right to rely upon the protections of the Workers' Compensation Act.

Under the Workers' Compensation Act, employers must pay their employees compensation for accidental injuries arising out of and in the course of employment. (820 ILCS 305/2 (West 1992).) This court has stated that the term "accidental" is not a technical legal term.

*(International Harvester Co. v. Industrial Comm'n* (1973), 56 Ill. 2d 84.) An injury is "accidental" within the meaning of the Workers' Compensation Act when it occurs unexpectedly and without affirmative act or design *by the employee. (International Harvester,* 56 Ill. 2d 84.) The plaintiff's injuries here were "accidental" within the meaning of the Workers' Compensation Act, even if those injuries were the result of the county's willful and wanton misconduct. See *Mier v. Staley* (1975), 28 Ill. App. 3d 373.

Accordingly, the Workers' Compensation Act applies to the plaintiff's injuries and the compensation the plaintiff received under that statute is the exclusive measure of the county's liability to the plaintiff. Because the county has a right to invoke the protections of the Workers' Compensation Act, it also has a right to invoke the protections of the *Kotecki* rule, which limits the county's contribution liability to its liability under the Workers' Compensation Act. Accordingly, we reject Kosco's claim that *Kotecki* does not apply to claims for contribution alleging willful and wanton misconduct by the employer.

Kosco finally argues that the trial court should not have dismissed the third-party complaint against the county simply because the county waived its right to recover any of its past or future workers' compensation payments from the plaintiff. He argues that if the employer is not a party, witnesses employed by the employer will not be available for deposition or trial, except by subpoena or independent action for discovery, as provided by Supreme Court Rule 214, with attendant delay and additional expense. He also argues that production of documents and inspection of the employer's premises will likewise be available only by subpoena or independent action for discovery.

It is true that dismissal of a third-party defendant

may result in delay and additional cost to the direct defendant. However, such dismissal will also save direct defendants and trial courts time and expense. The plaintiff and direct defendant need not respond to motions filed by the third-party defendant, and trial courts will not spend time on third-party defendants' motions and trial testimony.

In any event, the fact that a direct defendant may suffer additional expense and delay, standing alone, is not an adequate reason to require a third-party employer to remain a party to an action, after the employer has waived its workers' compensation lien. Such obstacles occur any time a third-party defendant is dismissed from a lawsuit. As the county points out, if added expense were enough to keep parties in a case, dismissal would never be allowed.

Kosco also argues that dismissal will obstruct the purpose of section 2—1117 of the Code of Civil Procedure (735 ILCS 5/2—1117 *et seq.* (West 1992)). That section provides that a defendant is only severally liable, and not jointly liable, for damages other than the plaintiff's medical expenses if its level of fault "is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff." (735 ILCS 5/2—1117 (West 1992).) Relying upon this statute, Kosco contends that dismissal of the third-party complaint against the county will preclude the jury from apportioning any fault to the county due to its absence from the litigation. Thus, Kosco argues that he will be denied his right to obtain an apportionment of fault of 25% or less and the resulting opportunity to be only severally liable for some of the plaintiff's damages.

We note, however, that this dilemma arises whenever a defendant or third party settles with the plaintiff or is dismissed from an action for any reason. Section

2—1117 was not intended to prohibit the dismissal of a defendant or third party from an action, where such dismissal is otherwise warranted. Moreover, the defendant's rights under section 2—1117 are not abolished simply because a defendant or third party settles or is dismissed from an action. The jury may still assess the remaining defendants' relative culpability, and if the degree of fault attributable to one or more defendants is less than 25%, those defendants' liability is several only. See *Alvarez v. Fred Hintze Construction* (1993), 247 Ill. App. 3d 811; Walsh & Doherty, *Section 2—1117: Several Liability's Effect on Settlement and Contribution*, 79 Ill. B.J. 122, 125 (1991).

Thus, the trial court properly dismissed Kosco's third-party action for contribution against the county when the county stipulated that it would waive its workers' compensation lien. We affirm the appellate court's decision upholding the dismissal of the third-party complaint.

*Affirmed.*