BETTY BLAKE, Special Adm'r of the Estate of Jack Blake, Deceased, Plaintiff-Appellee, v. HY HO RESTAURANT, INC., *et al.*, Defendants and Third-Party Plaintiffs-Appellants (The City of Belleville, Third-Party Defendant-Appellee).

Fifth District    No. 5—94—0487

Opinion filed June 28, 1995.

John I. Schaberg, of Roberts, Perryman, Bomkamp & Meives, P.C., of Belleville, for appellant Kohnen Concrete Products, Inc.

Gordon R. Broom and J. Todd Hayes, both of Burroughs, Hepler, Broom, MacDonald & Hebrank, of Edwardsville, for appellant Acme Septic Tank & Sewer Cleaning.

John B. Gunn, of Walker & Williams, P.C., of Belleville, for appellants Hy Ho Restaurant, Inc., James Brede, and Michael Mercurio.

John W. Hoffman, of Evans & Dixon, of Edwardsville, for appellant Metro-East Zipps, Inc.

D. Kendall Griffith and William F. Kopis, both of Hinshaw & Culbertson, of Chicago, for appellee.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Defendants and third-party plaintiffs, Acme Septic Tank & Sewer Cleaning, Kohnen Concrete Products, Inc., Hy Ho Restaurant, Inc., James Brede, Michael Mercurio, and Metro-East Zipps, Inc., appeal from a St. Clair County circuit court order dismissing the City of Belleville from the action as a third-party defendant.

Plaintiff, Betty Blake, individually and as special administrator of the estate of Jack Blake, originally filed this action against Hy Ho Restaurant, Inc., James Brede, Michael Mercurio, and Zipps of Illinois, Inc., on January 21, 1993, seeking recovery for the wrongful death of her husband, Jack Blake. Plaintiff alleges that Jack Blake, then a City of Belleville employee, was killed on August 8, 1991, by methane gas fumes while removing grease deposits that clogged the city sewer line near the two restaurants. It was claimed that defendants' negligent disposal and maintenance practices caused the deposits.

On August 3, 1993, plaintiff amended her complaint to add Metro-East Zipps, Inc., Kohnen Concrete Products, Inc., and Acme Septic Tank & Sewer Cleaning, as defendants, alleging negligence or strict liability in the design, construction, and maintenance of the sewer line, sewer components, and grease interceptors connecting the Hy Ho and Zipps restaurants to the Belleville city sewer system. Kohnen answered on September 29, 1993, raising various affirmative defenses, including comparative fault under section 2—1116 and several liability under section 2—1117 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—1116, 2—1117 (West 1992)). Acme filed a third-party complaint on October 21, 1993, against the City of Belleville seeking contribution under the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/0.01 *et seq.* (West 1992)) and a prayer that alleged that if it was to be found liable, its liability should be several only pursuant to section 2—1117. Thereafter, all other defendants filed third-party complaints against one another and against the City of Belleville seeking contribution and apportionment of liability.

On March 21, 1993, the City of Belleville moved to dismiss all pending third-party claims against it on the basis that it had settled with Betty Blake for $125,000 and agreed to waive its workers'

compensation lien against plaintiff. The trial court found the settlement to be in good faith and ordered all contribution and apportionment counts against the City of Belleville dismissed with prejudice on June 23, 1993. The circuit court certified its order under Supreme Court Rule 304 (134 Ill. 2d R. 304). Defendants and third-party plaintiffs appeal from this order.

The single issue raised by appellants is whether the trial court erred in dismissing the third-party defendant City of Belleville (City) prior to a determination of fault. Appellants contend that section 2—1117 requires the trial court to defer the dismissal of a settling co-defendant or third-party defendant until after fault has been apportioned. In the alternative, appellants contend that even if the City was properly dismissed from the action, the City should still be maintained as a nominal party so that the trier of fact can apportion fault among all of the tortfeasors.

Section 2—1117 provides:

"[A]ll defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant who could have been sued by the plaintiff, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants who could have been sued by the plaintiff shall be jointly and severally liable for all other damages." 735 ILCS 5/2—1117 (West 1992).

Appellants argue that equity demands that each defendant should pay only the percentage of the damages for which he is responsible. The only way to achieve this apportionment of fault under section 2—1117, appellants argue, is for the fact finder to apportion fault among *all* alleged tortfeasors, including those who settle with the plaintiff and are dismissed prior to trial. Appellants reason that given the City's dismissal, the City's fault will not be apportioned. Therefore, appellants may unjustly be found 25% or more at fault, thereby defeating their rights under section 2—1117.

We find this argument to be unpersuasive. To require that a defendant's fault be assessed despite its prior settlement with plaintiff would frustrate Illinois public policy favoring peaceful and voluntary resolutions of claims through settlement agreements. (*Jachera v. Blake-Lamb Funeral Homes, Inc.* (1989), 189 Ill. App. 3d 281, 545 N.E.2d 314.) The Contribution Act contemplates and permits

settlement by fewer than all tortfeasors who may be responsible for plaintiff's injuries. *Jachera*, 189 Ill. App. 3d at 285, 545 N.E.2d at 317.

█ Section 2(c) of the Contribution Act provides that a settling tortfeasor's payment reduces the remaining defendant's liability by the dollar amount of the settlement agreement, and section 2(d) specifically provides that the settling tortfeasor is to be discharged from all contribution to any other tortfeasor. (740 ILCS 100/2(c), (d) (West 1992); *Ellis v. E.W. Bliss & Co.* (1988), 173 Ill. App. 3d 779, 527 N.E.2d 1022.) Thus, appellants' argument that their respective liability should be reduced by the *pro rata* share of the dismissed defendant's liability is misdirected and erroneous. If such were the case, a nonsettling defendant would receive a double benefit. First, any judgment amount entered in favor of a plaintiff would be reduced to reflect the partial settlement. Then, potentially, the nonsettling defendants would reap an additional benefit if found less than 25% at fault because the judgment having once been reduced to reflect the settlement could be subject to less than full satisfaction under the terms of section 2—1117.

The most that appellants could have hoped to recover from the City of Belleville in contribution was the amount of the City's workers' compensation liability. (*Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 585 N.E.2d 1023.) The plaintiff and the City agreed on a sum of $125,000 to settle the claim. This would be the limit of the City's liability. (*Kotecki*, 146 Ill. 2d 155, 585 N.E.2d 1023.) Furthermore, in the settlement agreement Belleville agreed to waive its workers' compensation lien against the plaintiff, thereby giving up its right to recover any of its payment from plaintiff. By doing so the City essentially conceded its liability for contribution. (*Lannom v. Kosco* (1993), 247 Ill. App. 3d 629, 616 N.E.2d 731, *aff'd* (1994), 158 Ill. 2d 535, 634 N.E.2d 1097.) Thus, we do not find that section 2—1117 should preclude the dismissal of the third-party action against the plaintiff's employer where the direct defendants' ultimate liability to plaintiff would be reduced by the workers' compensation payment to the plaintiff. (*Lannom*, 247 Ill. App. 3d at 638, 616 N.E.2d at 737.) For this reason we think that the dismissal of the action against the employer, the City of Belleville, was proper.

In the instant case, the trial court granted the City's motion to dismiss with prejudice on June 23, 1994. Once the City was dismissed, the trial court was correct in refusing to keep the City in the action as a nominal defendant or otherwise for the purpose of determining apportionment of fault. Appellants have no right to insist on a section 2—1117 apportionment of fault which includes a settling party. The trial court should not have to withhold dismissing a settling tort-

feasor prior to trial just for the sake of apportioning fault pursuant to section 2—1117.

Our conclusion is bolstered by the language of the statute itself. Rules of statutory construction require that we interpret the language of the statute as written unless there is some ambiguity in the statute. (*Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.* (1994), 158 Ill. 2d 76, 630 N.E.2d 820.) We find the statutory language of section 2—1117 to be plain and unambiguous. Section 2—1117 applies to "any defendant" and "any third party defendant who could have been sued." Unambiguous terms of a statute, where not otherwise defined, must be given their plain and ordinary meaning. *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873.

When the City settled and was dismissed from the action, it ceased to be a defendant. The statute does not include former defendants or dismissed defendants. To read dismissed defendants into section 2—1117 and require that they be apportioned fault after their dismissal would be a gross contortion of the legislative intent. We will not engraft language or attribute a meaning to a statute which the legislature did not include or intend.

●2 Finally, in oral argument appellants argued that the City should remain a nominal defendant so that appellants could make use of the discovery process available between parties to achieve a just apportionment of fault. Appellants failed to brief this point, choosing to raise it only at oral argument. Supreme Court Rule 341(e)(7) requires appellant's *brief* to raise each point on appeal. (134 Ill. 2d R. 341(e)(7).) The brief must contain both argument and citation to the authorities relied upon. Points not argued in the brief are deemed waived and cannot be raised in oral argument. (134 Ill. 2d R. 341(e)(7).) Thus, this contention is waived.

Despite appellants' waiver, the argument would fail even if considered on the merits. In *Lannom*, we held this same argument to be an "insufficient reason to require a third-party employer, who has waived its right to recoup any amounts paid in workers' compensation and agreed to pay its total liability under the Workers' Compensation Act, to remain a party to the action. Witnesses and other evidence remain available to the plaintiff and direct defendant through subpoena and an action for production or to enter upon real estate. (See 134 Ill. 2d R. 214.) Any additional expense to plaintiff and defendant as a result of the dismissal of the third-party defendant is outweighed by the savings in cost to that third-party defendant, who has already agreed to pay the limit of its liability." *Lannom*, 247 Ill. App. 3d at 637, 616 N.E.2d at 736.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN and WELCH, JJ., concur.