THIRD DIVISION
August 23, 2006

No. 1-04-1762

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| TERRY E. READY, Special Administrator of the Estate of Michael P. Ready, Deceased, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| v. | ) | |
| | ) | |
| UNITED/GOEDECKE SERVICES, INC., | ) | |
| Defendant-Appellant and Counterplaintiff, | ) | No. 00 L 4797 |
| (BMW Constructors, Inc., and Midwest Generation | ) | |
| EME, L.L.C., | ) | |
| Defendants; | )) | |
| Midwest Generation EME, L.L.C., BMW Constructors, | )) | Honorable |
| Inc., Midwest Generation L.L.C., Edison Mission | ) | Mary Mulhern, Judge |
| Energy Services, Inc., | | Presiding. |
| Counterdefendants). | | |

JUSTICE KARNEZIS delivered the opinion of the court:

In this appeal, we must answer the question: Is a defendant who settles with the

plaintiff prior to trial still a "defendant sued by the plaintiff" within the meaning of section

2-1117 of the Code of Civil Procedure (735 ILCS 5/2-1117 (West 2002))? If we answer

this question in the affirmative, then all defendants sued by the plaintiff, including those

who settled prior to trial, may be included on the jury verdict form so that the fact finder

can assign each defendant their degree of relative fault, if any. If we answer this

question in the negative, then only those defendants who remain when the case is submitted to the fact finder may be included on the verdict form.

Plaintiff, Terry E. Ready, special administrator of the estate of Michael P. Ready, sued defendants United/Goedecke Services, Inc. (United), BMW Constructors, Inc. (BMW), and Midwest Generation EME, L.L.C. (Midwest), as a result of an accident in which Ready was killed at Midwest's factory on December 23, 1999, in Joliet, Illinois. Ready was a mechanic employed by Midwest Generation, L.L.C., whose parent company was defendant Midwest. Ready was working on a pipe-refitting-project at the factory. Defendant BMW was the general contractor hired by Midwest and defendant United was the scaffolding subcontractor hired by BMW to erect temporary scaffolding for the project. Ready was killed when one of the beams that was to be used for scaffolding fell and struck him.

Plaintiff settled her claims prior to trial with defendants BMW and Midwest. United did not object to the settlements and the trial court found they were made in good faith. Plaintiff proceeded to trial against United, the sole remaining defendant.

The jury returned a verdict for plaintiff in the amount of $14,230,000. It assessed Ready's contributory negligence at 35%, which reduced the judgment to $9,250,000. The trial court allowed a setoff of $1,112,502.58, which was the total amount paid to plaintiff by the settling defendants. United now appeals.

On appeal, United raises numerous contentions relating to the admissibility of certain evidence at trial regarding the settling defendants. United also contends that the

trial court erred in excluding the settling defendants from the jury verdict form.

Prior to trial, plaintiff filed motions *in limine* seeking to bar the introduction of any evidence at trial relating to defendants BMW and Midwest. The trial court granted the motions, finding that any evidence relating to BMW and Midwest was irrelevant because they had settled with plaintiff prior to trial.

Also prior to trial, defendant filed a motion *in limine* seeking to have BMW and Midwest included on the jury verdict form for purposes of fault apportionment. The trial court denied the motion, determining that only the sole remaining defendant, United, was to be included on the verdict form and the jury would apportion fault between Ready and United.

United further argues that these erroneous pretrial rulings, in addition to the trial court's use of the short form of Illinois Pattern Jury Instructions, Civil, No. 12.04 (2000)(hereinafter IPI Civil (2000) No. 12.04), prevented United from raising the argument that something other than the conduct of the defendant was the sole proximate cause of the injury.

In order to address United's contentions, we first examine whether the trial court's ruling excluding the settling defendants from the jury verdict form was proper. The trial court's ruling was based on its interpretation of section 2-1117 of the Code of Civil Procedure (735 ILCS 5/2-1117 (West 2002)). Section 2-1117 assigns joint and/or several liability for nonmedical damages to a defendant "sued by the plaintiff" depending upon that defendant's percentage of total fault. The preamendment version of section

3

2-1117 that was in effect at the time of Ready's death provides in part:

"Except as provided in section 2-1118, in actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, *the defendants sued by the plaintiff*, and any third party defendant who could have been sued by the plaintiff, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, *the defendants sued by the plaintiff*, and any third party defendants who could have been sued by the plaintiff, shall be jointly and severally liable for all other damages." (Emphasis added.) 735 ILCS 5/2-1117 (West 1998).

The trial court specifically found that section 2-1117 excluded settling defendants from the verdict form because they were neither "defendants" nor "third party defendants" at the time of trial. The court stated, "we cannot apportion on a verdict form fault to settling parties." The court noted that its finding was the same regardless of whether the preamendment or amended version of section 2-1117 was applied. Section 2-1117 was amended in 2003, changing the phrase "any third party defendants

who could have been sued by the plaintiff" to "any third party defendants except the plaintiff's employer." 735 ILCS 5/2-1117 (West 2004).

Initially, we note that the parties disagree as to which version of section 2-1117 applies. Plaintiff contends the amended version applies, whereas United contends the preamendment version applies. Plaintiff argues that the amended version of the statute applies because the amendment does not alter any "vested right." Defendant maintains that because the 2003 amendments were substantive changes, they have prospective application only and the preamendment version of the statute applies because it was in effect when plaintiff's cause of action accrued.

In general, statutory amendments relating to substantive rights must be applied prospectively while amendments relating to remedies or procedures are generally applied retroactively. Harraz v. Snyder III, 283 Ill. App. 3d 254, 259 (1996). The prospective application of statutes is preferred because of the fundamental principle that the retroactive application of new laws is usually unfair and notice or warning of the rule should be given in advance. Harraz, 283 Ill. App. 3d at 259. This presumption of prospective application is rebuttable, but only by the act itself which, either by express language or necessary implication, must clearly indicate that the legislature intended a retroactive application. Harraz, 283 Ill. App. 3d at 259.

Here, the amended version of section 2-1117 does not specifically state whether it applies prospectively or retroactively. Unlike the preamendment version, which stated that it applied "to causes of action filed on or after its effective date," the amended

version is silent in this regard. We find that this silence can be interpreted as either an assumption that it could only apply prospectively, as is generally the case, or as an indication that it could apply retroactively because of the absence of language limiting its application. Because the statute is silent, we can also look to whether the amendment was substantive or procedural to determine its prospective or retroactive application. As stated previously, the amendment changed the phrase "any third party defendants who could have been sued by the plaintiff" to "any third party defendants except the plaintiff's employer." The amendment is not procedural in nature; rather, it excludes the plaintiff's employer's fault from section 2-1117's joint and several liability analysis. Amendments that are substantive in nature weigh in favor of prospective application. Therefore, because the statute is silent and the amendment was a substantive change, as well as the general preference that amendments are applied prospectively, we find that the amended version of section 2-1117 applies prospectively. As a result, the amended version does not apply to this cause of action. We now examine the parties' contentions in relation to the preamendment version of the statute.

Plaintiff contends that section 2-1117 prohibits including settling defendants on the jury verdict form to apportion their relative degree of fault, if any. Plaintiff relies on the Fifth District case of Blake v. Hy Ho Restaurant, Inc., 273 Ill. App. 3d 372 (1995), which held that settling defendants were not to be included in fault apportionment. Plaintiff also relies on Freislinger v. Emro Propane Co., 99 F.3d 1412 (7th Cir. 1996), a

federal case that followed Blake and held that settling defendants should not be included in fault apportionment because the term "defendants sued by the plaintiff" referred to only those defendants who remained in the case when it was submitted to the fact finder. Freislinger, 99 F.3d at 1419.

United's contentions are just the opposite. United relies on the Fourth District case of Skaggs v. Senior Services of Central Illinois, Inc., 355 Ill. App. 3d 1120 (2005), which held that settling defendants were to be included on the jury verdict form to apportion their relative degree of fault, if any, because even though a defendant settles and is dismissed from the case, that defendant does not lose its status as a "defendant sued by the plaintiff." Skaggs, 355 Ill. App. 3d at 1129. United also relies on Dowe v. National R.R. Passenger Corp., No. 01-C-5808 (April 26, 2004)(memorandum opinion and order), a federal court memorandum opinion and order ruling on pretrial motions. The court's position in Dowe was that settling defendants were still "defendants sued by the plaintiff," which required them to be included in fault apportionment. Dowe, slip op. at 17.

Adding to the divergence of opinions is our supreme court's opinion in Lannom v. Kosco, 158 Ill. 2d 535 (1994), which has been given various interpretations by different courts. Both plaintiff and United contend Lannom supports their respective positions. In Lannom, the parties consisted of a plaintiff, a defendant and a third-party defendant. The third-party defendant settled with the plaintiff prior to trial and was dismissed from the case. The defendant argued on appeal that the third-party defendant should not

7

have been dismissed from the case because it would preclude the jury from apportioning any fault to that third-party defendant due to its absence from the litigation. Our supreme court affirmed the dismissal. The court noted, however:

"[T]his dilemma arises whenever a defendant or third party settles with the plaintiff or is dismissed from an action for any reason. Section 2-1117 was not intended to prohibit the dismissal of a defendant or third party from an action, where such dismissal is otherwise warranted. Moreover, the defendant's rights under section 2-1117 are not abolished simply because a defendant or third party settles or is dismissed from an action. The jury may still assess the remaining defendants' relative culpability, and if the degree of fault attributable to one or more defendants is less than 25%, those defendants' liability is several only." Lannom, 158 Ill. 2d at 542-43.

Plaintiff interprets Lannom as holding that only those defendants who remain in the case when it is submitted to the fact finder are defendants within the meaning of section 2-1117. This interpretation is consistent with the Freislinger court's reading of Lannom. Freislinger, 99 F.3d at 1419.

United interprets Lannom to support its position that settling defendants should be included in fault apportionment. United points to the following sentence in Lannom. "The jury may still assess the remaining defendants' relative culpability, and if the

8

degree of fault attributable to one or more defendants is less than 25%, those defendants' liability is several only." Lannom, 158 Ill. 2d at 543. United maintains that the term "relative culpability" assumes that the remaining defendant's culpability is assessed relative to the other defendants, including any dismissed defendant or dismissed third party defendant. The purpose of section 2-1117 is to hold minimally culpable defendants minimally responsible. United maintains that it would be inconsistent with the purpose of the statute to interpret the above sentence in Lannom as meaning to assess the remaining defendant's culpability relative only to the plaintiff. United also points out that Lannom cited Alvarez v. Fred Hintze Construction, 247 Ill. App. 3d 811, 818 (3rd Dist. 1993), which stated that "the rights of a nonsettling defendant under section 2-1117 'cannot be negated simply because another tortfeasor has settled with the plaintiff,'" quoting E. Walsh & E. Doherty, Section 2-1117: Several Liability's Effect on Settlement and Contribution, 79 Ill. B.J. 122, 125 (1991). United further points out that the court in Dowe, which analyzed Blake, Lannom and Freislinger, concluded that the Freislinger court misread Lannom. The Dowe court specifically noted that there was no statement in Lannom that the term "defendants sued by the plaintiff" in section 2-1117 "mean[t] only those defendants who remain in the case when it is submitted to the fact finder." Dowe, slip op. at 16, quoting Freislinger, 99 F.3d at 1419. The Dowe court determined that the better interpretation to be given to Lannom was that the supreme court had intended to indicate that the culpability of the "remaining defendants" should be assessed against that of all

defendants, including the settling defendants. Dowe, slip op. at 18.

Here, we agree with United and the courts' interpretations of section 2-1117 in Dowe and Skaggs that a remaining defendant's culpability should be assessed relative to the culpability of all defendants, including settling defendants. Only in this manner can the intent of section 2-1117, that minimally culpable defendants be held minimally responsible, be achieved. As stated in Dowe, there is no statement in Lannom that the term "defendants sued by the plaintiff" as used in section 2-1117 means only those defendants who remain in the case when it is submitted to the fact finder. A defendant who settles with the plaintiff is still a "defendant sued by the plaintiff." Further, Lannom is different from the case at bar insomuch as Lannom solely involved whether the dismissal of a party was proper. Here, the issue is whether settling defendants who have been dismissed from the case should remain on the verdict form for fault apportionment. Nevertheless, because Lannom held that a settling defendant and its dismissal from the case does not effect a nonsettling defendant's rights under 2-1117, it follows that settling defendants must appear on the verdict form so as not to affect the rights of the nonsettling defendants. In conclusion, we find that the trial court erred in holding that BMW and Midwest should not be included on the jury verdict form for fault apportionment. Accordingly, we find that a new trial is in order.

Plaintiff notes that interpreting section 2-1117 in this manner would confer a "double benefit" upon United because United would be able to "levy fault to nonparties at trial," and after trial, would receive the benefit of a reduction in the total judgment

10

amount from BMW and Midwest's settlements with plaintiff. We disagree. Fault is to be apportioned among all defendants sued by the plaintiff. Any settlement plaintiff enters into with any defendant should not serve to alter the remaining defendant(s)' degree of fault. United will not receive a "double benefit"; rather, United will be assessed it's degree of fault relative to the fault of all defendants sued by the plaintiff as well as the plaintiff's fault. The fact that there is a set off of the total judgment for the settlement amount is not a "double benefit"; it is in essence the settling defendants' payment of their portion of the total judgment.

We next examine whether the trial court erred in excluding certain evidence regarding the settling defendants. The trial court found evidence relating to BMW and Midwest irrelevant and inadmissible because they had settled with plaintiff. However, because we now find that both BMW and Midwest should have been included on the jury verdict form, it follows that any evidence necessary to determine their relative culpability is relevant and admissible on retrial.

We now address United's contention that the trial court erred in giving the short form of IPI Civil (2000) No. 12.04. United argues that, by only giving the first paragraph of the instruction, the court precluded United from raising the argument that something other than the conduct of the defendant was the sole proximate cause of the injury.

The instruction provides:

"12.04 Concurrent Negligence Other Than Defendant's

    More than one person may be to blame for causing an injury. If you

11

decide that a [the] defendant[s] was [were] negligent and that his [their]

negligence was a proximate cause of injury to the plaintiff, it is not a

defense that some third person who is not a party to the suit may also

have been to blame.

[However, if you decide that the sole proximate cause of injury to

the plaintiff was the conduct of some person other than the defendant,

then your verdict should be for the defendant.]"  IPI Civil (2000) No. 12.04.

The Notes that follow the instruction provide that "[t]he second paragraph should be used only where there is evidence tending to show that the sole proximate cause of the occurrence was the conduct of a third person."  IPI Civil (2000) No. 12.04, Notes on Use.  Because we have determined that a new trial is in order, we need not now address United's contention.  However, to the extent that this issue might again occur on retrial, we instruct the trial court that a determination regarding the instruction given will depend upon the evidence adduced at retrial.  See Leonardi v. Loyola University of Chicago, 168 Ill. 2d 83, 100 (1995) (a litigant has the right to have the jury clearly and fairly instructed upon each theory that was supported by the evidence).

Lastly, we must address whether the issue of damages will be revisited on retrial.  Plaintiff contends that because United did not argue in its brief that the damage award was excessive, it has waived any right to challenge the amount of damages awarded.  United disagrees.  United points out that it did challenge the damage award on pages

69 and 70 of its opening brief. However, pages 69 and 70 of United's brief are not within the "Argument" section; rather, they fall within the "Conclusion" section, which United titles "Concluding Remarks." United's "challenge" to the damage award amount is not presented as a separate issue for review. Instead, United briefly states that because of the trial court's rulings, plaintiff was able to argue that United alone was responsible for Ready's death, which appealed to the "passions and prejudice" of the jury and had an effect on the jury's assessment of damages. We note that United's posttrial motion challenging the jury's verdict did argue that the award was excessive and asked for a remittitur. Further, United's brief does not set forth specific reasons or argument as to why the damage award was excessive or unreasonable. Illinois Supreme Court Rule 341(e)(7) requires that arguments "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." 188 Ill. 2d R. 341(e)(7). The rule further provides that "[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 188 Ill. 2d R. 341(e)(7). Because United has failed to specifically argue that the damage award was improper, United has waived any right to challenge the amount of damages awarded. See In re Marriage of Thornqvist, 79 Ill. App. 3d 791, 799 (1979)(points not argued on appeal are waived). Therefore, we affirm the damage award amount.

   In conclusion, we find that the trial court should not have excluded the settling defendants from the jury verdict form and that a new trial as to liability only is required.

1-04-1762

We note that because the preamendment version of section 2-1117 applies, it is proper to include plaintiff's employer, Midwest, on the verdict form on retrial. We further find that upon retrial, evidence relating to the culpability of the settling defendants and third-party defendants is relevant and admissible. Additionally, only after the close of evidence at retrial can a determination be made as to whether a jury instruction regarding sole proximate cause would be proper.

Accordingly, the judgment of the circuit court is affirmed in part, reversed in part and remanded for a new trial on the issues of liability and apportionment of damages only.

Affirmed in part and reversed in part; cause remanded with directions.

THEIS, J., concurs.

PRESIDING JUSTICE HOFFMAN, specially concurring:

In Skaggs v. Senior Services of Central Illinois, Inc., 355 Ill. App. 3d 1120, 1128 (2005), PLA allowed, 216 Ill. 2d 734 (2005), the court correctly observed that:

"If a settling defendant may not be included under section 2-1117, a plaintiff could sue two defendants, one who is primarily at fault but indigent and one who is minimally at fault but wealthy. By settling with the indigent defendant, the plaintiff could circumvent the application of section 2-1117, leaving the wealthy defendant, even though minimally liable, jointly liable for all damages because the settling defendant's portion of the fault can no longer be considered."

The Skaggs Court raised the possibility of bad faith, collusion and increased gamesmanship if such a circumstance were allowed. However, there are two sides to every story.

For the sake of analysis, let us assume that the hypothetical plaintiff in the Skaggs Court's example suffered a traumatic amputation of a foot and sued two defendants, one who was primarily at fault, 85%, but indigent and having only $300,000 in insurance coverage and one who was minimally at fault, 15%, but wealthy and having $5,000,000 in coverage. Let us assume further that this plaintiff entered into a good-faith settlement with the indigent defendant and accepted the policy limit of $300,000 in exchange for a release of liability. Thereafter, the plaintiff went to trial against the wealthy defendant resulting in a $3,000,000 verdict in favor of the plaintiff, no portion of which was assessed for medical

expenses.  If the indigent defendant's fault is not considered in applying section 2-1117, the wealthy defendant, who was in reality only 15% at fault for the plaintiff's injury, would, just as the Skaggs Court observed, be liable for the payment of the entire judgment less a set-off for the settlement amount that the plaintiff received from the indigent defendant.  Simply put, the wealthy defendant would be required to pay the plaintiff  $2,700,000.  If, on the other hand, the indigent defendant's fault is considered in applying section 2-1117, the wealthy defendant, being only 15% at fault for the plaintiff's injury, would be severally liable.  The effect being that the wealthy defendant would pay 15% of the judgment after it was reduced by the $300,000 settlement amount (see 740 ILCS 100/2(c) (West 1998)) or $405,000.

Under the first scenario, the plaintiff would recover his total damages of $3,000,000.  However, the wealthy defendant, who in actuality was only 15% at fault for the plaintiff's injury, would be required to pay $2,700,000 or 90% of the total damage award.  Hardly an equitable apportionment of damages according to relative fault.   Under the second scenario, the wealthy defendant would pay $405,000, and the plaintiff would recover $705,000 in total compensation for damages assessed at $3,000,000.  Not only has the wealthy defendant paid $45,000 less than his 15% pro-rata share of the plaintiff's total damages as a result of the set-off provisions of the Contribution Act (see 740 ILCS 100/2(c) (West 1998)), but the plaintiff has been under compensated by a total of $2,295,000.  Hardly just compensation for the injury suffered or an equitable apportionment of damages.

In this case, the position advocated by the plaintiff would support the result in the

16

first scenario, and United's position supports the result in the second. To my mind, neither result is equitable. However, I cannot disagree with the reasoning of the majority in this case. The plain language of the statute provides that the fault of "defendants sued by the plaintiff" must be considered in resolving the issue of the joint or several liability of non-settling defendants. See 735 ILCS 5/2-1117 (West 1998). The fact that a defendant may have settled with a plaintiff during the course of litigation does not remove that defendant from the status of a defendant "sued by the plaintiff." Skaggs, 355 Ill. App. 3d at 1129. For these reasons, I concur. Any remedy for the possible inequities created by section 2-1117 lies with the General Assembly.