THIRD DIVISION

No. 1-07-1338

| | | |
|---|---|---|
| KATHERINE HEUPEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 L 928 |
| | ) | |
| JORIE LYNN JENKINS, | ) | The Honorable |
| | ) | Richard J. Elrod, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE COLEMAN delivered the opinion of the court:[1]

This cause of action arises from a September 7, 2000, accident involving two cars and a pedestrian. Plaintiff, Katherine Heupel, was walking southbound on the sidewalk on Woodlawn Avenue nearing the intersection of Woodlawn Avenue and 55th Street in Chicago, Illinois. Defendant, Jorie Lynn Jenkins, was driving westbound on 55th Street. The driver of a second vehicle, Nivethitha Murugeson, was traveling eastbound on 55th Street. At the intersection of 55th Street and Woodlawn Avenue, Murugeson stopped in the left-turn lane and waited for traffic to clear. Meanwhile, Jenkins also approached the intersection. The traffic light was green for east-west traffic. It is unclear when the light turned yellow or red, but the two cars driven by Jenkins and Murugeson collided in the intersection. Jenkins' car then spun into the nearby sidewalk, struck Heupel, and pinned her against a building. Heupel suffered extensive injuries.

Prior to filing the instant lawsuit, Heupel and Murugeson reached a settlement agreement for $100,000, the limit of Murugeson's insurance policy. Following a trial, the jury returned a verdict in favor of Jenkins. Heupel appealed. On appeal, Heupel argued that the trial court erred in denying her motion for judgment notwithstanding the verdict or, alternatively, a new trial;

---

[1]Due to the retirement of Justice Alan J. Greiman, Justice Sharon Johnson Coleman has been assigned to be the third panel member on this case.

defense counsel's improper closing arguments were prejudicial; the trial court erred in issuing the long form of Illinois Pattern Jury Instructions, Civil, No. 12.04 (2000) to the jury; and the trial court erred by including Murugeson on one of the jury verdict forms.  This court affirmed. *Heupel v. Jenkins,* 379 Ill. App. 3d 893 (2008).

Heupel filed a petition for leave to appeal with the Supreme Court of Illinois.  In the exercise of its supervisory authority, the Illinois Supreme Court directed this court to vacate our judgment in *Heupel v. Jenkins,* 379 Ill. App. 3d 893 (2008), and reconsider it in light of *Ready v. United/Goedecke Services, Inc.,* 232 Ill. 2d 369 (2008), to determine if a different result is warranted.  In accordance with the Illinois Supreme Court's directive, we vacate our earlier opinion in this case.  Based upon our reconsideration of the instant case in light of *Ready*, we reverse and remand for a new trial.

Central to the issue before the court is section 2-1117 of the Illinois Code of Civil Procedure, which provides:

> "Any defendant whose fault, as determined by the trier of fact, is less than
> 25% of the total fault attributable to the plaintiff, the defendants sued by
> the plaintiff, and any third party defendant except the plaintiff's employer,
> shall be severally liable for all other [nonmedical] damages.  Any
> defendant whose fault, as determined by the trier of fact, is 25% or greater
> of the total fault attributable to the plaintiff, the defendants sued by the
> plaintiff, and any third party defendants except the plaintiff's employer,
> shall be jointly and severally liable for all other damages." 735 ILCS 5/2-
> 1117 (West 2004).

In *Ready*, our supreme court held that good-faith settling tortfeasors are not "defendants sued by the plaintiff" within the meaning of section 2-1117. *Ready*, 232 Ill. 2d at 385.  Although the *Ready* court limited its analysis to the version of section 2-1117 in effect at the time of the plaintiff's accident, *i.e.*, the 1986 version (*Ready*, 232 Ill. 2d at 374), the 2003 amendment merely excluded the plaintiff's employer from the third-party defendants subject to a finding of fault and

did not alter the other parties subject to the allocation of fault (735 ILCS 5/2-1117 (West 2004)). Thus, the analysis in *Ready* applies equally to the instant case where the statutory language at issue, *i.e.*, "defendants sued by the plaintiff," is identical to the language construed by the court in *Ready*, and there is nothing to suggest that that language has a different meaning after the 2003 amendment.

In *Ready*, following a jury trial, the circuit court of Cook County entered judgment in favor of the plaintiff Terry Ready in a wrongful-death action stemming from the death of her husband, Michael Ready, in a workplace accident. *Ready*, 232 Ill. 2d at 371. The wrongful death suit named two defendants: United/Goedecke Services, Inc., and BMW Constructors, Inc. After both the defendants filed third-party contribution claims against Michael Ready's employer, Midwest Generation, L.L.C., the plaintiff amended the complaint to add Midwest as a defendant. Thereafter, BMW and Midwest settled with the plaintiff. United did not object to the settlements and the trial court found they were made in good faith. *Ready*, 232 Ill. 2d at 372. As a result of pretrial rulings, United was not allowed to present any evidence at trial regarding the conduct of the settling defendants. *Ready*, 232 Ill. 2d at 373. The trial court also denied United's motion to list BMW and Midwest on the verdict form. The jury awarded the plaintiff $14.23 million in damages. *Ready*, 232 Ill. 2d at 373. The trial court found United jointly and severally liable for the amount of the verdict remaining after offsets for Ready's comparative negligence (35%) and the settlement amounts paid by BMW and Midwest. *Ready*, 232 Ill. 2d at 373.

On appeal, United argued that the trial court erred by refusing to include the settling defendants on the verdict form in order for the jury to determine their share of fault, if any. *Ready*, 232 Ill. 2d at 373. The appellate court affirmed in part, reversed in part, and remanded for a reapportioning of fault because BMW and Midwest should have been on the verdict form. The Illinois Supreme Court allowed the plaintiff's petition for leave to appeal.

The central issue before our supreme court was whether settled tortfeasors are "defendants sued by the plaintiff" within the meaning of section 2-1117. *Ready*, 232 Ill. 2d at 374. The court concluded that they are not "defendants sued by the plaintiff" and, thus, settled

3

tortfeasors should not be listed on the verdict form. In reaching its conclusion, the court examined the language of the statute to determine the legislative intent and found the language of the statute ambiguous as to the intended meaning of "defendants sued by the plaintiff." *Ready*, 232 Ill. 2d at 377-78.

The court found support for its determination that the language of section 2-1117 is ambiguous in the conflicting interpretations of the statute by the Illinois Appellate Court, though the different appellate interpretations are not dispositive as to ambiguity. *Ready*, 232 Ill. 2d at 379. The court also looked to other tools of statutory interpretation, including the principle that, "where the legislature chooses not to amend a statute after judicial construction, it is presumed that the legislature has acquiesced in the court's statement of the legislative intent." *Ready*, 232 Ill. 2d at 380, citing *Wakulich v. Mraz,* 203 Ill. 2d 223, 233 (2003); *Bruso v. Alexian Brothers Hospital,* 178 Ill. 2d 445, 457-59 (1997). In 1995, prior to Public Act 89-7, effective March 9, 1995, the appellate court held in *Blake v. Hy Ho Restaurant, Inc.,* 273 Ill. App. 3d 372 (1995), that settling defendants were not to be included in the apportionment of fault under section 2-1117. The legislature failed to address the *Blake* holding in the amendment. The *Ready* court therefore considered the legislature to have acquiesced in the judicial interpretation of section 2-1117 in *Blake. Ready*, 232 Ill. 2d at 380.

The court also considered the principle that an amendment to a statute creates a presumption that the legislature intended to change the law. *Ready*, 232 Ill. 2d at 380, citing *People v. Hicks,* 119 Ill. 2d 29, 34 (1987). The "Tort Reform Act of 1995," Public Act 89-7, amended both section 2-1117 and 2-1116 (addressing "fault" in tort actions and defining "tortfeasor" to include anyone whose fault is a proximate cause of the injury, regardless of whether the person settled with the plaintiff). Thus, under the amendment, settling tortfeasors were included in the apportionment of fault. The court found the inclusion of settling tortfeasors in the 1995 amendment a compelling indication that settling tortfeasors were not intended to be included under the 1986 pre-amendment version of the statute. Since our supreme court held the Civil Reform Act of 1995, Public Act 89-7, unconstitutional in its entirety in *Best v. Taylor*

*Machine Works,* 179 Ill. 2d 367 (1997), sections 2-1116 and 2-1117 reverted to the pre-amendment language that did not include settling tortfeasors in the apportionment of fault.

The court further noted that Illinois Senator John Cullerton, during a floor debate of a new bill intended to amend section 2-1117, gave some background on the intent of section 2-1117, stating that, "the intent of the 1986 statute was *** if you settle with somebody, their names don't go on the verdict form." 95th Ill. Gen. Assem., Senate Proceedings, March 20, 2007, at 77 (statements of Senator Cullerton). Based on the foregoing, our supreme court concluded that the legislature did not intend to include settling tortfeasors in the apportionment of fault. *Ready,* 232 Ill. 2d at 382-83.

In the instant case, Murugeson settled with Heupel before the lawsuit was even filed. It is undisputed that Murugeson settled in good faith for the limits of her insurance policy. The trial court denied Jenkins' motion to file a third-party contribution action against Murugeson. Therefore, pursuant to our supreme court's holding in *Ready*, Murugeson was not a "defendant sued by the plaintiff" within the meaning of section 2-1117. See *Ready,* 232 Ill. 2d at 382.

Despite its ruling denying Jenkins' third-party action, the trial court allowed Murugeson to be listed on the verdict form over Heupel's objection. The jury received two verdict forms with their instructions. Verdict Form A provided a finding in favor of the plaintiff and against the defendant with further provisions for the allocation of fault between defendant Jenkins and Murugeson. Heupel objected to the verdict form because of the inclusion of Murugeson. Verdict Form B provided for a finding in favor of defendant Jenkins and against plaintiff Heupel. Since Murugeson was a good-faith settling tortfeasor, according to *Ready* it was error for the trial court to include her on the verdict form for the allocation of fault. See *Ready,* 232 Ill. 2d at 382.

The jury returned a verdict for defendant, Jenkins, which we initially affirmed. *Heupel v. Jenkins,* 379 Ill. App. 3d 893 (2008). However, in light of our supreme court's subsequent decision that under section 2-1117 settling tortfeasors should not be listed on the verdict form or considered in the apportionment of fault, we reverse and remand for a new trial.

A new trial is warranted because it was error for the trial court to include Murugeson on the verdict form and we cannot be certain that the jury did not consider the amount of fault attributable to Murugeson. Unlike in *Ready*, where the trial court did not allow United to present any evidence regarding the conduct of the settling defendants, here, the jury heard a great deal of testimony regarding Murugeson's role in the collision. Thus, the jury would have considered that evidence in light of the instructions and verdict form when reaching its decision. Defendant Jenkins argues that the jury reached a general verdict, no special interrogatory was asked, and thus, there is no evidence that the jury considered Murugeson in the apportionment of fault. However, the jury is presumed to follow the trial court's instructions. *Beard v. Barron,* 379 Ill. App. 3d 1, 11 (2008), citing *People v. Taylor*, 166 Ill. 2d 414, 438 (1995). Therefore, the inclusion of Murugeson on a verdict form asking the jury to apportion fault if it were to find for the plaintiff, in addition to the general instructions to the jury to consider the evidence when deliberating, creates a presumption that jurors considered Murugeson's role in the accident.

Notably, Jenkins did not move for directed verdict at the close of plaintiff's case and the only evidence that Jenkins introduced consisted of two photographs of Murugeson's car. Therefore, despite arguing that there was ample evidence to support the jury's verdict in favor of defendant, Jenkins presumably did not believe the evidence so overwhelmingly favored her that no contrary verdict could ever stand or she would have sought a directed verdict. See *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill. 2d 494, 510 (1967).

Therefore, since the trial court improperly included Murugeson, a settling tortfeasor, on the verdict form and we cannot state for certain that the jury did not consider Murugeson's role in the accident when reaching its verdict, we are compelled pursuant to *Ready* to reverse and remand for a new trial.

Reversed and remanded.

QUINN and CUNNINGHAM, JJ., concur.

KATHERINE HEUPEL,

Plaintiffs-Appellant,

CASE NAME:        v.

JORIE LYNN JENKINS,

Defendant-Appellee.

No.  1-07-1338

Appellate Court of Illinois

First District, Third Division

NOVEMBER 10, 2009

JUSTICE COLEMAN delivered the opinion of the court:

QUINN and CUNNINGHAM, JJ., concur.

Appeal from the Circuit Court of Cook County

The Honorable Richard J. Elrod, Judge Presiding.

For **APPELLANT**, Clancy & Stevens, of Chicago (Thomas A. Clancy and
Jeanine L. Stevens, of counsel).

For **APPELLEE**, Bruce Farrel Dorn & Associates, of Chicago (Carol P. Woosley,
of counsel).